IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERLIGHT ELECTRONICS CO., LTD.,<br>EVERLIGHT AMERICAS, INC.,<br>ZENARO LIGHTING, INC., and<br>ZITROZ LLC<br><br>    Defendants. | Civil Action. No. 2:13-cv-00702-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS EVERLIGHT ELECTRONICS CO. LTD. AND EVERLIGHT
AMERICAS, INC.'S ANSWER AND COUNTERCLAIM
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants and Counterclaimants, Everlight Electronics Co., Ltd. and Everlight Americas, Inc. (collectively, "Everlight"), by and through its undersigned counsel, as and for its Answer to the Amended Complaint of Plaintiff Nichia Corporation, states as follows:

**GENERAL DENIAL**

Unless specifically admitted below, Everlight denies each and every allegation in the Amended Complaint.

**AS TO THE PARTIES**

1. Everlight lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Everlight admits the allegations of the first sentence of paragraph 2. Everlight admits that it manufactures and/or distributes LED products and that Zenaro Lighting, Inc. and

1

Everlight Americas, Inc. are subsidiaries of Everlight Electronics Co., Ltd.  Everlight denies the remaining allegations of this paragraph.

3. Everlight admits the allegations set forth in paragraph 3.

4. Everlight admits the allegations of the first and third sentence of paragraph 4. Everlight admits that Zenaro is a subsidiary, was established in 2010, and sells solid-state LED lamps and luminaires in the United States.  Everlight denies the remaining allegations of this paragraph.

5. Everlight lacks direct knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and therefore denies them.

## AS TO JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Everlight admits that Nichia purports to be bringing an action for patent infringement allegedly under 35 U.S.C. §§ 1 *et seq*, and that 28 U.S.C. §§ 1331 and 1338(a) provide the Court with subject matter jurisdiction over federal questions and patent infringement actions.  Except as expressly admitted, Everlight denies the remainder of the allegations in paragraph 6.

7. Paragraph 7 contains conclusions of law that are not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Everlight Americas, Inc. admits that it has transacted business in this district.  Everlight denies any acts of patent infringement have taken place in this district, or elsewhere.  Except as expressly admitted, Everlight denies the remainder of the allegations in paragraph 7.

8.      Paragraph 8 contains conclusions of law that are not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Everlight denies the allegations in paragraph 8.

9.      Denied.

10.     Denied.

### AS TO COUNT I
(Against Everlight and Everlight Americas)
(Alleged Infringement Of U.S. Patent No. 7,432,589)

11.     Everlight hereby incorporates by reference the responses in Paragraphs 1 through 10 as if fully set forth herein.

12.     Everlight admits that U.S. Pat. No. 7,432,589 (the "'589 Patent") is entitled "Semiconductor Device" (a copy of which appears to be Exhibit A), and that the face of the patent indicates that it was issued on October 7, 2008.  Everlight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 and therefore denies them.

13.     Everlight lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies them.

14.     Denied.

### AS TO COUNT II
(Against Everlight and Everlight Americas)
(Alleged Infringement Of U.S. Patent No. 7,462,870)

15.     Everlight hereby incorporates by reference the responses in Paragraphs 1 through 10 as if fully set forth herein.

16.     Everlight admits that U.S. Pat. No. 7,462,870 (the "'870 Patent") is entitled "Molded Package and Semiconductor Device Using Molded Package" (a copy of which appears to be Exhibit B), and that the face of the patent indicates that it was issued on December 9, 2008.

Everlight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 and therefore denies them.

17. Everlight lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies them.

18. Denied.

## AS TO COUNT III
(Against Everlight and Everlight Americas)
(Alleged Infringement Of U.S. Patent No. 7,521,863)

19. Everlight hereby incorporates by reference the responses in Paragraphs 1 through 10 as if fully set forth herein.

20. Everlight admits that U.S. Pat. No. 7,521,863 (the "'863 Patent") is entitled "Light Emitting Device and Method for Producing the Same" (a copy of which appears to be Exhibit C), and that the face of the patent indicates that it was issued on April 21, 2009. Everlight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 and therefore denies them.

21. Everlight lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies them.

22. Denied.

## AS TO COUNT IV
(Against All Defendants)
(Alleged Infringement Of U.S. Patent No. 8,530,250)

23. Everlight hereby incorporates by reference the responses in Paragraphs 1 through 10 as if fully set forth herein.

24. Everlight admits that U.S. Pat. No. 8,530,250 (the "'250 Patent") is entitled "Light Emitting Device, Resin-Molded Body, and Methods for Manufacturing Light-Emitting Device, Resin Package, and Resin-Molded Body" (a copy of which appears to be Exhibit D), and

that the face of the patent indicates that it was issued on September 10, 2013. Everlight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 and therefore denies them.

25. Everlight lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore denies them.

26. Denied.

## AS TO ALLEGATIONS COMMON TO ALL COUNTS

27. Everlight hereby incorporates by reference the responses in Paragraphs 1 through 26 as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff, to which no response is required. To the extent that these paragraphs require a response, Everlight denies that Plaintiff is entitled to any of the requested relief and denies any allegations contained herein. Everlight requests that a take-nothing judgment be entered in its favor and against Plaintiff on the entire Amended Complaint and its four counts.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint, Everlight asserts the following affirmative defenses, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated here. Everlight reserves the right to amend its answer with additional affirmative defenses as further information is obtained. Everlight asserts each of these

5

affirmative defenses in the alternative, without admitting that Everlight is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.  As a defense to the Amended Complaint and each and every allegation contained in it, Everlight alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim for Relief)

The Amended Complaint fails to state a claim upon which relief may be granted against Everlight, and fails to allege sufficient facts.

**SECOND AFFIRMATIVE DEFENSE**
(Invalidity)

The Asserted Patents are invalid and void, at least, for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including but not limited to failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
(Failure to Provide Notice and/or Failure to Mark)

By reason of Plaintiff's failure to meet the requirements of 35 U.S.C. § 287, Plaintiff is precluded from seeking damages from Everlight for any and all alleged infringement prior to the filing of the Complaint.  Any claim for damages is limited by the requirements of 35 U.S.C. § 287(a).

**FOURTH AFFIRMATIVE DEFENSE**
(Claim Is Not Entitled to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to them is not immediate or irreparable, and because Plaintiff has an adequate remedy at law for any claims it can prove.

### FIFTH AFFIRMATIVE DEFENSE
(Laches / Waiver / Estoppel)

Plaintiff's claims against Everlight are barred and unenforceable against Everlight, in whole or in part, by one or more of the equitable doctrines of laches, waiver and/or estoppel.

Everlight reserves the right to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this Answer and to assert such additional defenses or, if appropriate, delete additional defenses as discovery proceeds, including the right to assert claims for inequitable conduct.

### EVERLIGHT'S COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs Everlight Electronics Co., Ltd. and Everlight Americas, Inc. (collectively, "Everlight"), by and through its undersigned attorneys, brings the following counterclaims against Plaintiff/Counterclaim-Defendant Nichia Corporation, and alleges as follows:

1. Everlight repeats and realleges each and every response in Everlight's Answer as if fully set forth here and incorporates those responses here by this reference.

### NATURE OF THE ACTION

2. Through these counterclaims, Everlight seeks a declaration from the Court that U.S. Patent Nos. 7,432,589 ("the '589 patent"), 7,462,870 ("the '870 patent"), 7,521,863 ("the '863 patent"), and 8,530,250 ("the '250 Patent") (collectively, the "Asserted Patents") are invalid and not infringed, and that Everlight is entitled to costs, expenses, disbursements, and reasonable attorneys' fees.

### PARTIES

3. Everlight Electronics Co. Ltd. is a corporation organized and existing under the laws of Taiwan with its principal place of business located at New Taipei City, Taiwan.

4. Everlight Americas, Inc.is a Texas corporation with its principal place of business located at Carrollton, Texas.

5. Upon information and belief, as stated in its Amended Complaint against Everlight, Nichia is a corporation organized and existing under the laws of Japan, with its headquarters and principal place of business located at Tokushima, Japan.

6. Upon information and belief, based on its Amended Complaint against Everlight, Nichia claims to be the owner by assignment of the Asserted Patents.

7. On November 22, 2013, Plaintiff brought this action against Everlight accusing Everlight of infringing the Asserted Patents.

8. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## JURISDICTION AND VENUE

9. Counterclaim-Defendant has alleged that Everlight has infringed and does infringe the Asserted Patents. Everlight denies these allegations.

10. These counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. To the extent that the Court has subject matter jurisdiction over Counterclaim-Defendants' claims against Everlight, this Court has subject matter jurisdiction over these counterclaims under to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Counterclaim-Defendant based on, among other things, its filing of this lawsuit in this District. Such filing is a consent to personal jurisdiction in this Court.

12. To the extent that venue is appropriate for Counterclaim-Defendant's claims against Everlight, venue is also appropriate in this Court for Everlight's counterclaims. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## FIRST COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,432,589)

13. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

14. Everlight has not infringed and does not infringe any valid asserted claim of the '589 patent.

15. An actual, substantial, justiciable, and immediate controversy exists between Everlight and Counterclaim-Defendant as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the '589 patent.

16. Everlight is therefore entitled to a judicial declaration that it does not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '589 patent.

## SECOND COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,432,589)

17. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

18. On information and belief, the '589 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

19. An actual, substantial, justiciable and immediate controversy exists between Everlight and Plaintiffs as to whether the '589 patent is valid.

20. Everlight is therefore entitled to a judicial declaration that the '589 patent is invalid.

### THIRD COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,462,870)

21. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

22. Everlight has not infringed and does not infringe any valid asserted claim of the '870 patent.

23. An actual, substantial, justiciable, and immediate controversy exists between Everlight and Counterclaim-Defendant as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the '870 patent.

24. Everlight is therefore entitled to a judicial declaration that it does not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '870 patent.

### FOURTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,462,870)

25. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

26. On information and belief, the '870 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

27. An actual, substantial, justiciable and immediate controversy exists between Everlight and Plaintiffs as to whether the '870 patent is valid.

28. Everlight is therefore entitled to a judicial declaration that the '870 patent is invalid.

## FIFTH COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,521,863)

29. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

30. Everlight has not infringed and does not infringe any valid asserted claim of the '863 patent.

31. An actual, substantial, justiciable, and immediate controversy exists between Everlight and Counterclaim-Defendant as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the '863 patent.

32. Everlight is therefore entitled to a judicial declaration that it does not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '863 patent.

## SIXTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,521,863)

33. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

34. On information and belief, the '863 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

35. An actual, substantial, justiciable and immediate controversy exists between Everlight and Plaintiffs as to whether the '863 patent is valid.

36. Everlight is therefore entitled to a judicial declaration that the '863 patent is invalid.

### SEVENTH COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 8,530,250)

37. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

38. Everlight has not infringed and does not infringe any valid asserted claim of the '250 patent.

39. An actual, substantial, justiciable, and immediate controversy exists between Everlight and Counterclaim-Defendant as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the '250 patent.

40. Everlight is therefore entitled to a judicial declaration that it does not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '250 patent.

### EIGHTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 8,530,250)

41. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth here.

42. On information and belief, the '250 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

43. An actual, substantial, justiciable and immediate controversy exists between Everlight and Plaintiffs as to whether the '250 patent is valid.

44. Everlight is therefore entitled to a judicial declaration that the '250 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff Everlight respectfully requests that the Court enter a judgment in its favor and against Counterclaim-Defendant Nichia as follows:

A. An order declaring and entering judgment that Everlight has not infringed and does not infringe directly (or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents;

B. An order declaring and entering judgment that the Asserted Patents are invalid;

C. An order dismissing with prejudice all of Nichia's claims against Everlight;

D. An order declaring that Everlight is a prevailing party and that this is an exceptional case, awarding Everlight its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. §§ 284 and 285;

E. An order compelling Nichia to pay all costs associated with this action; and

F. An order granting Everlight any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Everlight demands a jury trial on all issues so triable, including Plaintiff's claims and Everlights' counterclaims.

Dated: December 16, 2013.                    Respectfully submitted,

                                                      */s/ Melissa R. Smith*
Melissa R. Smith
GILLAM & SMITH, LLP
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 S. Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com

ATTORNEY FOR EVERLIGHT
ELECTRONICS CO. LTD. and
EVERLIGHT AMERICAS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of December, 2013.

                                                     */s/ Melissa R. Smith*
Melissa R. Smith