**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

NICHIA CORPORATION,

      Plaintiff,

      v.

EVERLIGHT ELECTRONICS CO., LTD.,
EVERLIGHT AMERICAS, INC., ZENARO
LIGHTING, INC. and
ZITROZ LLC.

      Defendants.

Case No. 2:13-CV-702-JRG

**JURY TRIAL DEMANDED**

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the

management of the Courtøs docket under Federal Rule of Civil Procedure 16, and after receiving

the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil

      Procedure 26(a)(1), each party shall disclose to every other party the following

      information:

      (a)     the correct names of the parties to the lawsuit;

      (b)     the name, address, and telephone number of any potential parties;

- 2 -

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2.   **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.    **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the

following disclosures to every other party:

(a)    provide the disclosures required by the Patent Rules for the Eastern District of

Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a
> claim element is a software limitation, the party need not comply
> with P.R. 3-1 for those claim elements until 30 days after source
> code for each Accused Instrumentality is produced by the opposing
> party. Thereafter, the party claiming patent infringement shall
> identify, on an element-by-element basis for each asserted claim,
> what source code of each Accused Instrumentality allegedly
> satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the
> provisions of P.R. 3-1(g), the party opposing a claim of patent
> infringement may serve, not later than 30 days after receipt of a
> P.R. 3-1(g) disclosure, supplemental õInvalidity Contentionsö that
> amend only those claim elements identified as software limitations
> by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored

information, and tangible things in the possession, custody, or control of the party

that are relevant to the pleaded claims or defenses involved in this action, except

to the extent these disclosures are affected by the time limits set forth in the Patent

Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party

to the action, and produce or permit the inspection of documents or other

evidentiary material on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, except that the disclosure of

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests
for production.

the computation of damages may be deferred until the time for Expert Disclosures

if a party will rely on a damages expert.

4.      **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.      **Discovery Limitations.**   The discovery in this cause is limited to the disclosures

described in Paragraphs 1-3 together with the following:

- 60 Interrogatories per side

- 40 Requests for Admission per side (not including authentication Requests for Admission)

- 135 hours of fact deposition per side, including party and nonparty fact depositions.  Depositions of fact witnesses shall be limited to no longer than 7 ½ hours per witness, except (i) depositions of fact witnesses requiring interpretation shall be limited to no longer than10 hours per witness, and (ii) there is no limit on the number of deposition hours with respect to the individual deposition of a witness designated by a party pursuant to Fed. R. Civ. P. 30(b)(6).   Depositions of a party or its employees shall not exceed, in the aggregate, 105 hours of the total 135 hours per side.  Each party may produce witnesses in its home country for up to 50 hours of the 105 hours of party fact witness depositions; the remaining fact depositions will take place in the United States.

- Four (4) expert witnesses per side.  Expert depositions are limited to no more than 7 hours per day, and to a total of 28 hours in the aggregate.

"Side" means a party or a group of parties with a common interest.  Any party may later

move to modify these limitations for good cause.

6.      **Privileged Information.**   There is no duty to disclose privileged documents or

information.  However, the parties are directed to meet and confer concerning privileged

documents or information after the Status Conference.  By the deadline set in the Docket

Control Order, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claim of privilege in a manner that, without

revealing information itself privileged or protected, will enable the other parties to assess

the applicability of the privilege or protection.  Any party may move the Court for an

- 5 -

order compelling the production of any documents or information identified on any other partyøs privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.   **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signerøs knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.   **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.   **Discovery Disputes.**

(a)   Except in cases involving claims of privilege, any party entitled to receive disclosures (õRequesting Partyö) may, after the deadline for making disclosures, serve upon a party required to make disclosures (õResponding Partyö) a written statement, in letter form or otherwise, of any reason why the Requesting Party

believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)     In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.   **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

4822-0098-9722.1

**11.**      **Filings**.   Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.**      **Proposed Stipulations by the Parties Regarding Discovery:**

**a.**  The parties will negotiate separately a procedure for production of electronically stored information based on the Courtøs proposed standard order.

**b.**  Communications with experts and draft expert reports are not discoverable. Experts (and or counsel on their behalf) shall produce copies of all documents, things and other information considered and relied upon in forming the opinions set forth in their expert reports within 5 days of service of such reports.

**c.**  Except as provided in Paragraph 5, depositions will take place in accordance with the Federal Rules of Civil Procedure, regardless of the location of the depositions.

**d.**  All documents (e.g., discovery requests, pleadings, expert reports, etc.) shall be served on counsel of record by electronic mail.  Should any such documents, including attachments, be too large to transmit by electronic mail, they should be provided to counsel of record instead by FTP means.

**So ORDERED and SIGNED this 22nd day of April, 2014.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE