IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICHIA CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>EVERLIGHT ELECTRONICS CO., LTD.,<br>EVERLIGHT AMERICAS, INC.,<br>ZENARO LIGHTING, INC., and<br>ZITROZ LLC<br><br>        Defendants. | Civil Action. No. 2:13-cv-00702-JRG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER AND COUNTERCLAIM
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants and Counterclaimants, Everlight Electronics Co., Ltd. ("Everlight"), Everlight Americas, Inc. ("Everlight Americas"), Zenaro Lighting, Inc. ("Zenaro"), and Zitroz,, Inc. ("Zitroz") (collectively, "Defendants") by and through their undersigned counsel, as and for their Answer to the Second Amended Complaint of Plaintiff Nichia Corporation, state as follows:

**GENERAL DENIAL**

Unless specifically admitted below, Defendants deny each and every allegation in the Second Amended Complaint.

**AS TO THE PARTIES**

1.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.    Everlight admits the allegations of the first sentence of paragraph 2. Everlight admits that it manufactures and/or distributes LED products, and that Everlight Americas and

1

Zenaro are subsidiaries of Everlight. Everlight denies the remaining allegations of this paragraph.

3. Everlight Americas admits the allegations of the first sentence of paragraph 3. Everlight Americas further admits that it sells and/or offers for sale LED products manufactured by Everlight in the United States, including in the State of Texas. Everlight Americas denies the remaining allegations of this paragraph.

4. Zenaro admits the allegations of the first and third sentences of paragraph 4. Zenaro further admits that it is a subsidiary of Everlight, was established in 2010, and sells solid-state LED lamps and luminaires in the United States. Zenaro denies the remaining allegations of this paragraph.

5. Zitroz denies that it is a California limited liability company, but Zitroz admits that its principal place of business is 3855 Main Street, Chula Vista, California 91911. Zitroz further admits that it has sold and/or offered for sale Zenaro lamps and luminaires in California. Zitroz denies the remaining allegations of this paragraph.

## AS TO JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendants admit that Nichia purports to be bringing an action for patent infringement allegedly under 35 U.S.C. §§ 1 *et seq*, and that 28 U.S.C. §§ 1331 and 1338(a) provide the Court with subject matter jurisdiction over federal questions and patent infringement actions. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 6.

7. Paragraph 7 contains conclusions of law that are not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Everlight, Everlight

Americas, and Zenaro admit that they have transacted business in the State of Texas. Defendants deny any acts of patent infringement have taken place in this district, or elsewhere. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 7.

8. Paragraph 8 contains conclusions of law that are not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Defendants deny the allegations in paragraph 8.

9. Denied.

10. Denied.

## AS TO COUNT I
(Against Everlight and Everlight Americas)
(Alleged Infringement Of U.S. Patent No. 7,432,589)

11. Everlight and Everlight Americas hereby incorporate by reference the responses in Paragraphs 1 through 10 as if fully set forth herein.

12. Everlight and Everlight Americas admit that U.S. Pat. No. 7,432,589 (the "'589 Patent") is entitled "Semiconductor Device" (a copy of which appears to be Exhibit A), and that the face of the patent indicates that it was issued on October 7, 2008. Everlight and Everlight Americas lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 and therefore denies them.

13. Everlight and Everlight Americas lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and therefore denies them.

14. Denied.

## AS TO COUNT II
(Against Everlight, Everlight Americas, and Zenaro)
(Alleged Infringement Of U.S. Patent No. 7,462,870)

15. Everlight, Everlight Americas, and Zenaro hereby incorporate by reference the responses in Paragraphs 1 through 14 as if fully set forth herein.

16. Everlight, Everlight Americas, and Zenaro admit that U.S. Pat. No. 7,462,870 (the "'870 Patent") is entitled "Molded Package and Semiconductor Device Using Molded Package" (a copy of which appears to be Exhibit B), and that the face of the patent indicates that it was issued on December 9, 2008. Everlight, Everlight Americas, and Zenaro lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 and therefore denies them.

17. Everlight, Everlight Americas, and Zenaro lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and therefore denies them.

18. Denied.

### AS TO COUNT III
(Against Everlight and Everlight Americas)
(Alleged Infringement Of U.S. Patent No. 7,521,863)

19. Everlight and Everlight Americas hereby incorporate by reference the responses in Paragraphs 1 through 18 as if fully set forth herein.

20. Everlight and Everlight Americas admit that U.S. Pat. No. 7,521,863 (the "'863 Patent") is entitled "Light Emitting Device and Method for Producing the Same" (a copy of which appears to be Exhibit C), and that the face of the patent indicates that it was issued on April 21, 2009. Everlight and Everlight Americas lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 and therefore denies them.

21. Everlight and Everlight Americas lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and therefore denies them.

22. Denied.

## AS TO COUNT IV
(Against All Defendants)
(Alleged Infringement Of U.S. Patent No. 8,530,250)

23. Defendants hereby incorporate by reference the responses in Paragraphs 1 through 22 as if fully set forth herein.

24. Defendants admit that U.S. Pat. No. 8,530,250 (the "'250 Patent") is entitled "Light Emitting Device, Resin-Molded Body, and Methods for Manufacturing Light-Emitting Device, Resin Package, and Resin-Molded Body" (a copy of which appears to be Exhibit D), and that the face of the patent indicates that it was issued on September 10, 2013. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 and therefore denies them.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and therefore denies them.

26. Denied.

## AS TO ALLEGATIONS COMMON TO ALL COUNTS

27. Defendants hereby incorporate by reference the responses in Paragraphs 1 through 26 as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff, to which no response is required. To the extent that these paragraphs require a response, Defendants deny that Plaintiff is entitled to any of the requested relief and denies any allegations contained herein.

Defendants request that a take-nothing judgment be entered in its favor and against Plaintiff on the entire Amended Complaint and its four counts.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendants assert the following affirmative defenses, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated here. Defendants reserve the right to amend its answer with additional affirmative defenses if and when further information is obtained. Defendants assert each of these affirmative defenses in the alternative, without admitting that Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever. As a defense to the Amended Complaint and each and every allegation contained in it, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Invalidity)

The Asserted Patents are invalid and void, at least, for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 et seq., including but not limited to failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Provide Notice and/or Failure to Mark)

By reason of Plaintiff's failure to meet the requirements of 35 U.S.C. § 287, Plaintiff is precluded from seeking damages from Defendants for any and all alleged infringement prior to the filing of the Complaint. Any claim for damages is limited by the requirements of 35 U.S.C. § 287(a).

### THIRD AFFIRMATIVE DEFENSE
(Claim Is Not Entitled to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to them is not immediate or irreparable, and because Plaintiff has an adequate remedy at law for any claims it can prove.

### FOURTH AFFIRMATIVE DEFENSE
(Laches / Waiver / Estoppel)

Plaintiff's claims against Everlight are barred and unenforceable against one or more Defendants, in whole or in part, by one or more of the equitable doctrines of laches, waiver and/or estoppel.

Defendants reserve the right to rely upon any additional defenses that become available or apparent during the course of this case, and reserve the right to amend this Answer and to assert such additional defenses or, if appropriate, delete additional defenses as the case proceeds.

### DEFENDANTS' COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs Everlight Electronics Co., Ltd., Everlight Americas, Inc., Zenaro Lighting, Inc., and Zitroz, Inc. (collectively, "Defendants"), by and through their undersigned attorneys, bring the following counterclaims against Plaintiff/Counterclaim-Defendant Nichia Corporation ("Nichia"), and alleges as follows:

1. Defendants repeat and reallege each and every response in Defendants' Amended Answer as if fully set forth herein and incorporates those responses herein by this reference.

### NATURE OF THE ACTION

2. Through these counterclaims, Defendants seek a declaration from the Court that U.S. Patent Nos. 7,432,589 ("the '589 patent"), 7,462,870 ("the '870 patent"), 7,521,863 ("the '863 patent"), and 8,530,250 ("the '250 Patent") (collectively, the "Asserted Patents") are invalid

and not infringed, and that Defendants are entitled to costs, expenses, disbursements, and reasonable attorneys' fees.

## PARTIES

3. Everlight Electronics Co. Ltd. ("Everlight") is a corporation organized and existing under the laws of Taiwan with its principal place of business located at New Taipei City, Taiwan.

4. Everlight Americas, Inc. ("Everlight Americas") is a Texas corporation with its principal place of business located at Carrollton, Texas.

5. Zenaro Lighting, Inc. ("Zenaro") is a Florida corporation with its principal place of business located at Boynton Beach, Florida.

6. Zitroz, Inc. ("Zitroz") is a California corporation with its principal place of business at Chula Vista, California.

7. Upon information and belief, as stated in its Second Amended Complaint, Nichia is a corporation organized and existing under the laws of Japan, with its headquarters and principal place of business located at Tokushima, Japan.

8. Upon information and belief, based on its Second Amended Complaint, Plaintiff claims to be the owner by assignment of the Asserted Patents.

9. On November 22, 2013, Plaintiff brought this action against one or more of Defendants accusing them of infringing the Asserted Patents.

10. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## JURISDICTION AND VENUE

11. Nichia has alleged that Defendants have infringed and do infringe one or more of the Asserted Patents. Defendants deny these allegations.

12. These counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. To the extent that the Court has subject matter jurisdiction over Nichia's claims against Defendants, this Court has subject matter jurisdiction over these counterclaims under to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Nichia based on, among other things, its filing of this lawsuit in this District. Such filing is a consent to personal jurisdiction in this Court.

14. To the extent that venue is appropriate for Nichia's claims against Defendants, venue is also appropriate in this Court for Defendants' counterclaims. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

## FIRST COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,432,589)

15. Everlight and Everlight Americas repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

16. Everlight and Everlight Americas have not infringed and do not infringe any valid claim of the '589 patent.

17. An actual, substantial, justiciable, and immediate controversy exists between Everlight and Everlight Americas and Nichia as to whether the making, using, selling, offering for sale or importing of the accused products infringes any valid claim of the '589 patent.

18. Everlight and Everlight Americas therefore seek a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '589 patent.

### SECOND COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,432,589)

19. Everlight repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. The claims of the '589 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

21. An actual, substantial, justiciable and immediate controversy exists between Everlight and Everlight Americas and Nichia as to whether the claims of the '589 patent are valid.

22. Everlight and Everlight Americas are therefore entitled to a judicial declaration that the claims of the '589 patent, whether asserted by Nichia in this case or not, are invalid.

### THIRD COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,462,870)

23. Everlight, Everlight Americas, and Zenaro repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

24. Everlight, Everlight Americas, and Zenaro have not infringed and do not infringe any valid claim of the '870 patent.

25. An actual, substantial, justiciable, and immediate controversy exists between Everlight, Everlight Americas, and Zenaro and Nichia as to whether the making, using, selling,

offering for sale or importing of the accused products infringes any valid claim of the '870 patent.

26. Everlight, Everlight Americas, and Zenaro therefore seek a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '870 patent.

### FOURTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,462,870)

27. Everlight, Everlight Americas, and Zenaro repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

28. The claims of the '870 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

29. An actual, substantial, justiciable and immediate controversy exists between Everlight, Everlight Americas, and Zenaro and Nichia as to whether the claims of the '870 patent are valid.

30. Everlight, Everlight Americas, and Zenaro are therefore entitled to a judicial declaration that the claims of the '870 patent, whether asserted by Nichia in this case or not, are invalid.

### FIFTH COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,521,863)

31. Everlight and Everlight Americas repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. Everlight and Everlight Americas have not infringed and do not infringe any valid claim of the '863 patent.

33. An actual, substantial, justiciable, and immediate controversy exists between Everlight and Everlight Americas and Nichia as to whether the making, using, selling, offering for sale or importing of the accused products infringes any valid claim of the '863 patent.

34. Everlight and Everlight Americas therefore seek a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '863 patent.

### SIXTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,521,863)

35. Everlight and Everlight Americas repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

36. The claims of the '863 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

37. An actual, substantial, justiciable and immediate controversy exists between Everlight and Everlight Americas and Plaintiffs as to whether the claims of the '863 patent are valid.

38. Everlight and Everlight Americas are therefore entitled to a judicial declaration that the claims of the '863 patent, whether asserted by Nichia in this case or not, are invalid.

### SEVENTH COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 8,530,250)

39. Defendants repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth here.

40. Defendants have not infringed and do not infringe any valid claim of the '250 patent.

41. An actual, substantial, justiciable, and immediate controversy exists between Defendants and Nichia as to whether the making, using, selling, offering for sale or importing of the accused products infringes any valid claim of the '250 patent.

42. Defendants therefore seek a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '250 patent.

## EIGHTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 8,530,250)

43. Defendants repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth here.

44. The claims of the '250 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

45. An actual, substantial, justiciable and immediate controversy exists between Defendants and Nichia as to whether the claims of the '250 patent are valid.

46. Defendants are therefore entitled to a judicial declaration that the claims of the '250 patent, whether asserted by Nichia in this case or not, are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaim-Plaintiffs Everlight Electronics Co., Ltd., Everlight Americas, Inc., Zenaro Lighting, Inc., and Zitroz, Inc. respectfully requests that the Court enter a judgment in its favor and against Counterclaim-Defendant Nichia Coporation as follows:

A. An order declaring and entering judgment that Defendants have not infringed and do not infringe directly (or under the doctrine of equivalents) any valid and enforceable claim of the Asserted Patents;

B. An order declaring and entering judgment that the claims of the Asserted Patents, whether asserted by Nichia in this case or not, are invalid;

C. An order dismissing with prejudice all of Nichia's claims against Defendants;

D. An order declaring that Defendants are a prevailing party and that this is an exceptional case, awarding Defendants their costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. §§ 284 and 285;

E. An order compelling Nichia to pay all costs associated with this action; and

F. An order granting Defendants any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants Everlight Electronics Co., Ltd., Everlight Americas, Inc., Zenaro Lighting, Inc., and Zitroz, Inc. demand a jury trial on all issues so triable, including Nichia's claims and Defendants' counterclaims.

Dated: December 22, 2014     **WINSTON & STRAWN LLP**

By: */s/ Tyler T. VanHoutan*
    Tyler T. VanHoutan
     Email: tvanhoutan@winston.com
    WINSTON & STRAWN LLP
    1111 Louisiana, 25th Floor
    Houston, TX 77002-5242
    Telephone: (713) 651-2600
    Facsimile: (713) 651-2700

Michael A. Tomasulo (*pro hac vice*)
  Email: mtomasulo@winston.com
David K. Lin (*pro hac vice*)
  Email: dlin@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael L. Brody (*pro hac vice*)
  Email: mbrody@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Melissa R. Smith
  Email: melissa@gillamsmithlaw.com
Bobby Lamb
  Email: wrlamb@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS/COUNTERCLAIMANTS EVERLIGHT ELECTRONICS CO., LTD., EVERLIGHT AMERICAS, INC., ZENARO LIGHTING, INC., and ZITROZ, INC.**

**CERTIFICATE OF SERVICE**

  I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 22nd day of December 2014.

                */s/ Tyler T. VanHoutan*
                 Tyler T. VanHoutan