**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NICHIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2:13-cv-702 JRG |
| | ) | |
| EVERLIGHT ELECTRONICS CO., LTD., | ) | |
| EVERLIGHT AMERICAS, INC., | ) | |
| ZENARO LIGHTING, INC., and | ) | |
| ZITROZ LLC | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF NICHIA CORPORATION'S ANSWER TO DEFENDANTS'
COUNTERCLAIMS (DOC. NO. 84)**

Plaintiff/Counterclaim-Defendant Nichia Corporation ("Nichia") responds to the

Counterclaims of Defendants Everlight Electronics Co., Ltd. ("Everlight"), Everlight Americas,

Inc. ("Everlight Americas"), Zenaro Lighting, Inc. ("Zenaro"), and Zitroz, Inc. ("Zitroz")

(collectively, "Defendants") as follows:

**EVERLIGHT'S COUNTERCLAIMS**

1.      Defendants repeat and re-allege each and every response in Defendants' Amended

Answer as if fully set forth here and incorporates those responses here by this reference.

**Answer:** Paragraph 1 of Defendants' Counterclaims requires no response.

**NATURE OF THE ACTION**

2.      Through these counterclaims, Defendants seek a declaration from the Court that

U.S. Patent Nos. 7,432,589 ("the '589 patent"), 7,462,870 ("the '870 patent"), 7,521,863 ("the

'863 patent"), and 8,530,250 ("the '250 Patent") (collectively, the "Asserted Patents") are invalid

and not infringed, and that Everlight is entitled to costs, expenses, disbursements, and reasonable attorneys' fees.

**Answer:**  Nichia admits that Defendants purport to bring an action for a declaratory judgment that the Asserted Patents are invalid and not infringed, and that Defendants purport to be entitled to costs, expenses, disbursements, and reasonable attorneys' fees.  Nichia denies that Defendants are entitled to any relief as a result of their counterclaims.

## PARTIES

3.      Everlight Electronics Co. Ltd. is a corporation organized and existing under the laws of Taiwan with its principal place of business located at New Taipei City, Taiwan.

**Answer:**  Admitted.

4.      Everlight Americas, Inc. is a Texas corporation with its principal place of business located at Carrollton, Texas.

**Answer:**  Admitted.

5.      Zenaro Lighting, Inc. ("Zenaro") is a Florida corporation with its principal place of business located in Boynton Beach, Florida.

**Answer:**  Admitted.

6.      Zitroz, Inc. ("Zitroz") is a California corporation with its principal place of business located in Chula Vista, California.

**Answer:**  Admitted.

7.      Upon information and belief, as stated in its Second Amended Complaint, Nichia is a corporation organized and existing under the laws of Japan, with its headquarters and principal place of business located at Tokushima, Japan.

**Answer:**  Admitted, except that Nichia's principal place of business is located in Anan-Shi, Tokushima, Japan.

8.      Upon information and belief, as stated in its Second Amended Complaint, Nichia claims to be the owner by assignment of the Asserted Patents.

**Answer:**  Admitted.

9.      On November 22, 2013, Plaintiff brought this action against one or more of Defendants accusing them of infringing the Asserted Patents.

**Answer:**  Nichia admits that on September 11, 2013, Nichia brought an action against Everlight and Everlight Americas for infringement of the '589 patent.  Nichia admits that on November 22, 2013, Nichia filed an Amended Complaint for Patent Infringement in this action against all Defendants alleging infringement of the Asserted Patents.   Nichia filed an unopposed motion for leave to file a Second Amended Complaint on December 3, 2014, and the Court granted the motion the following day.   (Doc. Nos. 75, 77).

10.      By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

**Answer:**  Nichia admits that Nichia's allegations of patent infringement against Defendants in this action create a controversy between Nichia and Defendants regarding the infringement of the asserted claims of the Asserted Patents.  Nichia denies that Nichia's allegations of patent infringement against Defendants create a substantial controversy between Nichia and Defendants regarding the un-asserted claims of the Asserted Patents, or as to the validity of the Asserted Patents.

## JURISDICTION AND VENUE

11.     Nichia has alleged that Defendants have infringed and do infringe the Asserted Patents. Defendants deny these allegations.

**Answer:**  Admitted.

12.     These counterclaims arise under the Patent Act, 35 U.S.C. §§ 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. To the extent that the Court has subject matter jurisdiction over Nichia's claims against Defendants, this Court has subject matter jurisdiction over these counterclaims under to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1331 and 1338(a).

**Answer:**  Nichia admits that Defendants purport to assert counterclaims under the Patent Act, 35 U.S.C. §§ 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  Nichia admits that Defendants assert that this Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1331 and 1338(a).  Nichia denies that Defendants have asserted a counterclaim on which relief can be granted.

13.     This Court has personal jurisdiction over Nichia based on, among other things, its filing of this lawsuit in this District. Such filing is a consent to personal jurisdiction in this Court.

**Answer:**  Nichia admits that it has submitted to the personal jurisdiction of this Court for purposes of this action only.  Except as expressly admitted, Nichia denies the remaining allegations in Paragraph 13 of Defendants' Counterclaims.

14.     To the extent that venue is appropriate for Nichia's claims against Defendants, venue is also appropriate in this Court for Defendants' counterclaims. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

4

**Answer:** Nichia admits that venue for this action is proper in this Judicial District.

## FIRST COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,432,589)

15.     Everlight and Everlight Americas repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth herein.

**Answer:** Nichia admits that Everlight and Everlight Americas purport to repeat and re-allege the allegations set forth in the preceding paragraphs.

16.     Everlight and Everlight Americas have not infringed and do not infringe any valid claim of the ¢589 patent.

**Answer:** Denied.

17.     An actual, substantial, justiciable, and immediate controversy exists between Everlight and Everlight Americas and Nichia as to whether the making, using, selling, offering for sale or importing of the accused products infringes any valid claim of the ¢589 patent.

**Answer:** Nichia admits that an actual, substantial, and justiciable controversy exists with respect to infringement of the asserted claims of the =589 Patent.  Otherwise, denied.

18.     Everlight and Everlight Americas therefore seek a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the ¢589 patent.

**Answer:** Admitted that Everlight and Everlight Americas purport to seek the specified declaration, but denied that they are entitled to one.

## SECOND COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,432,589)

19.     Everlight repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

**Answer:**  Nichia admits that Everlight purports to repeat and reallege the allegations set forth in the preceding paragraphs.

20.     The claims of the '589 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**Answer:**  Denied.

21.     An actual, substantial, justiciable and immediate controversy exists between Everlight and Everlight Americas and Nichia as to whether the claims of the '589 patent is valid.

**Answer:**  Nichia denies that Nichia's allegations of patent infringement against Everlight and Everlight Americas in this action created a substantial, justiciable, and immediate controversy between Nichia and Everlight and Everlight Americas regarding the validity of the claims of the '589 patent.

22.     Everlight and Everlight Americas are therefore entitled to a judicial declaration that the '589 patent is invalid.

**Answer:**  Denied.

### THIRD COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,462,870)

23.     Everlight, Everlight Americas, and Zenaro repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth herein.

**Answer:**  Nichia admits that Everlight, Everlight Americas, and Zenaro purport to repeat and re-allege the allegations set forth in the preceding paragraphs.

24.     Everlight, Everlight Americas, and Zenaro have not infringed and do not infringe any valid claim of the '870 patent.

**Answer:**  Denied.

25.     An actual, substantial, justiciable, and immediate controversy exists between Everlight, Everlight Americas, and Zenaro and Nichia as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the ʼ870 patent.

**Answer:**  Nichia admits that an actual, substantial, and justiciable controversy exists with respect to infringement of the asserted claims of the ʼ870 Patent.  Otherwise, denied.

26.     Everlight, Everlight Americas, and Zenaro therefore seek a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the ʼ870 patent.

**Answer:**  Admitted that Everlight, Everlight Americas, and Zenaro purport to seek the specified declaration, but denied that Defendants are entitled to one.

### FOURTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,462,870)

27.     Everlight, Everlight Americas, and Zenaro repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth here.

**Answer:**  Nichia admits that Everlight Everlight Americas, and Zenaro, purport to repeat and re-allege the allegations set forth in the preceding paragraphs.

28.  The claims of the ʼ870 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**Answer:**  Denied.

29.     An actual, substantial, justiciable and immediate controversy exists between Everlight, Everlight Americas, and Zenaro and Nichia as to whether the claims of the ʼ870 patent are valid.

7

**Answer:**  Nichia denies that Nichia's allegations of patent infringement against Everlight, Everlight Americas, and Zenaro in this action created a substantial, justiciable, and immediate controversy between Nichia and Everlight, Everlight Americas, and Zenaro regarding the validity of the claims of the '870 patent.

30.     Everlight is therefore entitled to a judicial declaration that the claims of the '870 patent, whether asserted by Nichia in this case or not, are invalid.

**Answer:**  Denied.

**FIFTH COUNTERCLAIM**
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,521,863)

31.     Everlight and Everlight Americas repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth here.

**Answer:**  Nichia admits that Everlight and Everlight Americas purport to repeat and reallege the allegations set forth in the preceding paragraphs.

32.     Everlight and Everlight Americas have not infringed and do not infringe any valid asserted claim of the '863 patent.

**Answer:**  Denied.

33.     An actual, substantial, justiciable, and immediate controversy exists between Everlight and Everlight Americas and Nichia as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the '863 patent.

**Answer:**  Nichia admits that an actual, substantial, and justiciable controversy exists with respect to infringement of the asserted claims of the '863 Patent.  Otherwise, denied.

34.     Everlight and Everlight Americas are therefore entitled to a judicial declaration that they do not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the '863 patent.

**Answer:**  Denied.

## SIXTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 7,521,863)

35.     Everlight and Everlight Americas repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth here.

**Answer:**  Nichia admits that Everlight and Everlight Americas purport to repeat and re-allege the allegations set forth in the preceding paragraphs.

36.     The claims of the ʼ863 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**Answer:**  Denied.

37.     An actual, substantial, justiciable and immediate controversy exists between Everlight and Everlight Americas and Plaintiffs [sic] as to whether the claims of the ʼ863 patent are valid.

**Answer:**  Nichia denies that Nichiaʼs allegations of patent infringement in this action created a substantial, justiciable, and immediate controversy between Nichia and Everlight and Everlight Americas regarding the validity of the claims of the ʼ863 patent.

38.     Everlight and Everlight Americas are therefore entitled to a judicial declaration that the claims of the ʼ863 patent, whether asserted by Nichia in this case or not, are invalid.

**Answer:**  Denied.

## SEVENTH COUNTERCLAIM
(Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 8,530,250)

39.     Defendants repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth here.

**Answer:**  Nichia admits that Defendants purport to repeat and reallege the allegations set forth in the preceding paragraphs.

40.     Everlight has not infringed and does not infringe any valid claim of the ʹ250 patent.

**Answer:**  Denied.

41.     An actual, substantial, justiciable, and immediate controversy exists between Everlight and Defendants as to whether the making, using, selling, offering for sale or importing of any Everlight product infringes any valid claim of the ʹ250 patent.

**Answer:**  Nichia admits that an actual, substantial, and justiciable controversy exists with respect to infringement of the asserted claims of the ʹ250 Patent.  Otherwise, denied.

42.     Defendants therefore seek a judicial declaration that it does not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the ʹ250 patent.

**Answer:**  Admitted that Defendants purport to seek the specified declaration, but denied that Defendants are entitled to one.

### EIGHTH COUNTERCLAIM
(Declaratory Judgment Of Invalidity Of U.S. Patent No. 8,530,250)

43.     Defendants repeat and re-allege the allegations set forth in the preceding paragraphs as if fully set forth here.

**Answer:**  Nichia admits that Defendants purport to repeat and re-allege the allegations set forth in the preceding paragraphs.

44.     The claims of the ʹ250 patent, whether asserted by Nichia in this case or not, are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**Answer:** Denied.

45.      An actual, substantial, justiciable and immediate controversy exists between Defendants and Nichia as to whether the ʹ250 patent is valid.

**Answer:** Nichia denies that Nichiaʹs allegations of patent infringement against Defendants in this action created a substantial, justiciable, and immediate controversy between Nichia and Defendants regarding the validity of the ʹ250 patent.

46.      Defendants are therefore entitled to a judicial declaration that the claims of the ʹ250 patent, whether asserted by Nichia in this case or not, are invalid.

**Answer:** Denied.

**GENERAL DENIAL**

Unless expressly admitted herein, Nichia denies each and every allegation set forth in Defendantsʹ Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counterclaim-Defendant Nichia requests that the Court enter Judgment in its favor and against Defendant/Counterclaim-Plaintiffs as follows:

A.      Denying Defendantsʹ Prayer for Relief and dismissing Defendantsʹ Counterclaims against Nichia with prejudice;

B.      Finding that Defendants are not entitled to any relief on their Counterclaims, including, without limitation, any damages, costs, fees, or other assessment;

C.      Awarding Nichia its costs and fees;

D.      Granting Nichia such other and further relief as the Court deems just and proper.

Respectfully submitted,


IRELAND CARROLL & KELLEY

By: */s/ Collin Maloney*
Otis Carroll -- State Bar No. 03895700
nancy@icklaw.com
Collin Michael Maloney -- State Bar No. 00794219
cmaloney@icklaw.com
6101 S Broadway, Suite 500
Tyler, TX 75703
Tel: (903) 561-1600
Fax: (903) 581-1071


and

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

Robert P. Parker (admitted *pro hac vice*)
Martin M. Zoltick (admitted *pro hac vice*)
Michael H. Jones(admitted *pro hac vice*)
Chen Li (admitted *pro hac vice*)
607 14th Street, N.W. ó Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031
Email: rparker@rfem.com, mzoltick@rfem.com,
mjones@rfem.com, cli@rfem.com

*Attorneys for Plaintiff/Counterclaim-Defendant*
*Nichia Corporation*

Dated:    January 9, 2015

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) this  9th day of January, 2015.


/s/ Collin Maloney