UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICHIA CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> EVERLIGHT ELECTRONICS CO., LTD., EVERLIGHT AMERICAS, INC., ZENARO LIGHTING, INC., and ZITROZ LLC, <br><br> Defendant. | Case No. 2:13-cv-00702-JRG |

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF NICHIA CORP.'S POST-TRIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**TABLE OF CONTENTS**

| **Title** | | **Page** |
|---|---|---|
| I. | PROCEDURAL BACKGROUND | 1 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 4 |
| | A. Nichia Improperly Submitted Six Demonstrative Exhibits That Were Not Admitted Into Evidence, and They Should be Stricken. | 5 |
| | B. Nichia Improperly Altered at Least 70 Pictures from Trial Exhibits in Its Submission to the Court, and Such Pictures Should be Excluded. | 5 |
| | C. Nichia Submitted Dozens of Proposed Findings of Fact Containing Expert Analysis that Was Not Adduced at Trial, Which Should be Stricken. | 9 |
| IV. | CONCLUSION | 12 |

## TABLE OF AUTHORITIES

| **Cases** | **Page** |
|---|---|
| *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701 (7th Cir. 2013) | 3, 4 |
| *United States v. Holton,* 116 F.3d 1536 (D.C. Cir. 1997) | 3 |
| *Pierce v. Ramsey Winch Co.*, 753 F.2d 416 (5th Cir. 1985) | 4 |

**Statutes**

| | |
|---|---|
| Fed. R. Civ. P. 12(f) | 3 |
| Fed. R. Evid. 103 | 3 |
| Fed. R. Evid. 1006 | 4 |

Defendants Everlight Electronics Co., Ltd. and Everlight Americas, Inc. (collectively, "Everlight") respectfully move the Court to strike portions of Plaintiff Nichia Corporation's ("Nichia") Post-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. 179) that contain (1) evidence that was not admitted at trial or (2) expert analysis not elicited from any witness at trial, and therefore should not be considered by the Court in its deliberations nor relied on in reaching its verdict.

It is black letter law that the finder of fact may not consider exhibits or other evidence that was not admitted at trial.  Nichia's proposed findings of fact include well over 150 examples of such evidence.  First, Nichia relies upon six demonstrative exhibits that were not admitted into evidence.  Second, Nichia includes at least 70 pictures that it cites are from admitted trial exhibits, but that it altered with pedagogical annotations in its submission to the Court.  Last, Nichia proffers 90 findings of fact containing of expert analysis that were not adduced from any witness at trial.

Nichia could have been proffered these exhibits or elicited this testimony at trial, but it elected not to do so.  Fundamentally, Everlight has been denied the opportunity to cross-examine Nichia's witnesses and elicit rebuttal evidence resulting in unfairness and prejudice.  Thus, Everlight seeks to strike material from Nichia's submission and the record in this matter.

## I.    PROCEDURAL BACKGROUND

Before trial in this case, the parties exchanged and resolved all of their objections to trial exhibits.  Trial was held on May 11-13, 2015, during which the parties used trial exhibits and had them admitted into evidence at the beginning of each following day.  The parties also used demonstrative exhibits to assist in their presentations of evidence, particularly during expert

testimony, but neither side moved to have any such exhibits admitted into evidence and no such

exhibits were admitted.  At the end of the trial, the Court instructed the parties as follows:

> [Y]ou previously submitted proposed findings of facts and conclusions of law.
> Now that we have the benefit of <u>the evidence admitted at trial and particularly the</u>
> <u>transcript</u> that's been generated, I'm going to direct the parties to -- to amend and
> revise their proposed findings of facts and conclusions of law with particular
> emphasis on <u>citing specific portions of the transcript</u>. The more specific your
> citations, the less work the Court has to do to go through the transcript and find
> them. So you will get brownie points with me if you will put <u>specific references to</u>
> <u>the transcript</u> in your revised findings of fact and conclusions of law. And I want
> those submitted within 21 days of today. I think that's reasonable.

Trial Tr. 158:8-22, 5/13/15 PM (emphasis added).

The parties submitted revised proposed findings of fact and conclusions of law on June 3,

2015.  *See* Dkt. 178, 179.  Everlight's submission is 89 pages and nearly every proposed finding

of fact cites to a portion of the trial transcript and/or a stipulated fact, as well as an admitted trial

exhibit where appropriate.  *See* Dkt. 178.  Nichia's submission is 353 pages and includes images

of six demonstrative exhibits that were not admitted into evidence at trial, at least 70 pictures

cited as admitted trial exhibits but that Nichia altered with teaching annotations from the original

materials, and 90 findings of fact containing new expert analysis that is found nowhere in the

trial transcript.  *See* Decl. of Richard C. Vasquez in Supp. of Mot. To Strike ("Vasquez Decl.")

Exs. A-F.

Everlight objected to Nichia's use of the aforementioned evidence in its proposed

findings of fact and parties met and conferred last week.  Nichia responded that all such evidence

constitutes "fair summaries or reflections" of trial testimony, or are simply "illustrating" or

offered to "illustrate" the testimony.  Nichia refused to withdraw anything.  Thus, Everlight files

this Motion to strike such materials from the record.

## II.      LEGAL STANDARD

A motion to strike is permitted by both the Federal Rules of Civil Procedure and

Evidence.  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a

pleading … any redundant, immaterial, impertinent, or scandalous matter."  Federal Rule of

Evidence ("FRE") 103 further provides as follows:

> (a) Preserving a Claim of Error. A party may claim error in a ruling to admit or
> exclude evidence only if the error affects a substantial right of the party and:
>
>> (1) if the ruling admits evidence, a party, on the record:
>>
>>> (A) timely objects or moves to strike; and
>>>
>>> (B) states the specific ground, unless it was apparent from the
>>> context; or
>>
>> (2) if the ruling excludes evidence, a party informs the court of its
>> substance by an offer of proof, unless the substance was apparent from the
>> context.

"The general rule is that materials not admitted into evidence simply should not

be sent to the jury for use in its deliberations. …  Without the consent of all parties, a

deliberating jury may not consider exhibits not actually admitted into evidence." *Baugh*

*ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701, 705-06 (7th Cir. 2013); *see also*

*United States v. Holton,* 116 F.3d 1536, 1542 (D.C. Cir. 1997) ("To protect jury

deliberations from improper influence, we ordinarily restrict the jury's access only to

exhibits that have been accepted into evidence.").

More specifically as to demonstrative exhibits, the court in *Baugh* explained:

> [L]abeling an exhibit "demonstrative" signifies that the exhibit is not itself
> evidence—the exhibit is instead a persuasive, pedagogical tool created and used
> by a party as part of the adversarial process to persuade the jury. [] These
> pedagogical devices are used to aid the jury in its understanding of the evidence
> that has already been admitted. "[P]edagogical charts or summaries may include
> witnesses' conclusions or opinions, or they may reveal inferences drawn in a way
> that would assist the jury. But ... in the end they are not admitted as evidence." …

3

"[w]hen considering the admissibility of exhibits of this nature, it is critical to distinguish between charts or summaries *as evidence* and charts or summaries *as pedagogical devices.*"

When the term is applied correctly, it allows parties and the court to avoid protracted disputes regarding the admissibility of demonstrative exhibits that might arise if such an exhibit were being offered as substantive evidence. …

Offering and admitting charts, summaries, models, maps, replicas, and so on as substantive evidence rather than as "demonstrative" exhibits sends an important signal. It alerts parties to the fact that the exhibit will become part of the actual evidence and therefore may well be available to the jury during deliberation. When an exhibit is offered as substantive evidence, parties know they must make any objections they might have to the evidence at that point. Conversely, when an exhibit is allowed to be used for only demonstrative purposes, the judge and the parties understand that the exhibit is argumentative and persuasive in nature. "[S]uch pedagogical devices should be used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the jury during deliberations."

Demonstrative exhibits that are not admitted into evidence should not go to the jury during deliberation, at least not without consent of all parties.

*Baugh*, 730 F.3d. at 706-08 (citations omitted).

The Fifth Circuit has echoed this distinction between charts or summaries as evidence admitted in lieu of voluminous records under Federal Rules of Evidence 1006, and charts, summaries, or other visual aids as pedagogical devices that simply summarize or organize testimony or documents.  The latter are not themselves evidence, and should not be admitted or sent to the jury for its deliberations.  *See Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 431 (5th Cir. 1985).

## III.   ARGUMENT

### A.   Nichia Improperly Submitted Five Demonstrative Exhibits that Were Not Admitted Into Evidence, and They Should be Stricken.

Nichia's submission to the Court includes images from five demonstrative exhibits that were not offered or admitted into evidence at trial.  *See* Vasquez Decl., Ex. A, pp. 8 (NDX 140),

4

14 (NDX 9), 21 (NDX 18), 22 (NDX 21), and 86 (NDX 2014).  Each of these exhibits is a

"persuasive, pedagogical tool."  For example, the chart on page 21, taken from NDX 18,

summarizes and characterizes Nichia's infringement evidence and testing (*e.g*. "Experienced

laboratory personnel … Reliable procedures and proper equipment").  *Id.* at 21.  The chart on

page 86, taken from NDX 2014, summarizes Nichia's expert's opinions related to certain prior

art.  *Id.* at 86.

Nichia has argued that all of these exhibits are "fair summaries or reflections" of trial

testimony, but that is incorrect.  For example, the picture of an LED package on page 14 contains

several notations that were not included when the picture was presented in NDX 9, nor are such

notations referenced in the trial testimony on that demonstrative exhibit.  *See* Trial Tr. 33:21-

34:23, 5/11/15 AM.  Regardless, demonstrative exhibits like these should not be admitted into

evidence or considered by the finder of fact (in this case, the Court) under the case authorities

cited above.  Accordingly, all demonstrative exhibits in Nichia's submission, set forth in

Vasquez Decl., Ex. A, should be stricken.

### B.      Nichia Improperly Altered at Least 70 Pictures from Trial Exhibits in Its Submission to the Court, and Such Pictures Should be Excluded.

Nichia's proposed findings of fact include numerous pictures that Nichia cites as

admitted trial exhibits.  However, at least 70 of these pictures have been altered by adding lines,

circles, shading, and/or notations, or in some cases putting multiple pictures together in a single

image, as a teaching aid to help prove Nichia's case.  In some cases, the altered pictures were

presented at trial in demonstrative exhibits, which were not admitted into evidence and should

not be considered for the reasons discussed above.  But in many cases, the pictures also do not

match the corresponding demonstrative exhibit used at trial.  For some pictures, Nichia

acknowledges "annotations added," but in many other cases, there is no indication whatsoever that the pictures have been altered from how they look in the admitted trial exhibits.

For example, on page 48 and 271 of Nichia's proposed findings of fact, Nichia included a picture cited as from PTX0463. However, comparing it to the actual picture in PTX0463 reveals that Nichia added a dotted circle to identify a "step" and a dotted line to try to show "planar":

| PTX0463 in Nichia's FOF, pgs. 48, 271 | Admitted Tr. Ex. PTX0463, pg. 4 |
|---|---|



Comparing the picture to the corresponding demonstrative exhibit used at trial shows that the identification of a "step" is new, and that Nichia has recast its argument as to what is "planar" in this product – the entire side or just a portion:



As another example, on page 108 of Nichia's proposed findings of fact, Nichia included a picture purportedly from PTX0503. However, comparing it to the actual picture in PTX0503 reveals that Nichia added a dotted line to identify the "bottom surface of recess" and notations for the "first and second lead electrodes exposed on bottom surface":



Comparing the picture to the corresponding demonstrative exhibit used at trial shows that the

identification of the electrodes as being "exposed on bottom surface" is new:



As another example, on page 165 of Nichia's proposed findings of fact, Nichia included a

picture purportedly from PTX0503.  However, comparing to the actual picture in PTX0503

reveals that Nichia added dotted lines, circles, and notations:



Comparing the picture to the corresponding demonstrative exhibit used at trial shows that the

identification of something as "extending outwardly from the molded member" is new:



It is particularly disturbing that Nichia submitted pictures that are neither from admitted

trial exhibits nor unadmitted demonstrative exhibits, without any indication to the Court or

Everlight that they are looking at newly created evidence.  If such pictures were to be accepted

by the Court, it would augment the record established at trial and render the evidence admission

process at trial meaningless.  For these reasons, the pictures altered with annotations in Nichia's

submission, set forth in Vasquez Decl., Ex. B, should be stricken.

> **C.      Nichia Submitted Dozens of Proposed Findings of Fact Containing Expert Analysis that Was Not Adduced at Trial, Which Should be Stricken.**

In addition to the demonstrative exhibits and altered pictures discussed above, Nichia's

proposed findings of fact also include dozens of examples of expert analysis that was not elicited

from Nichia's technical expert, Dr. Schubert, or any other witness for that matter, at trial.

As a first example, at the end of Dr. Schubert's cross examination during his rebuttal

testimony on invalidity issues, Everlight's counsel asked him about a passage in the text LED

Packaging for Lighting Applications (PTX1144), which states that the lessons learned in

semiconductor integrated circuit packaging in the past 20 years can be applied to LED

packaging.  Trial Tr. 119:1-120:15, 5/13/2015 PM.  After this questioning, Everlight passed the

witness and Nichia chose not to re-direct, and instead asked the Court to excuse Dr. Schubert.

Trial Tr. 120:18-25, 5/13/2015 PM.  After declining to address this matter with Dr. Schubert at

trial, Nichia now proffers FOF 205 that sets out new expert analysis on how the passage

addressed on cross-examination should be considered in light of other portions of the text that

were never addressed at trial.  *See* Vasquez Decl., Ex. C.  Nichia could have elicited this expert

testimony from Dr. Schubert at trial but chose not to.  Adding new expert analysis after trial has

concluded is improper and prejudices Everlight. FOF 205 should be stricken in its entirety.

Dr. Schubert provided short and very general testimony about why he believes the '589

patent is not invalid – his testimony on this topic spans only four transcript pages.  Trial Tr.

80:17-84:14, 5/13/2015 PM.  Dr. Schubert limited his testimony to identifying what claim

elements from the '589 patent he thinks are missing from: (1) the combination of the Nakashima

9

and Kim prior art references (identifying 3 claim elements, Trial Tr. 80:17-81:5, 5/13/2015 PM);

(2) Nakashima alone (identifying 8 claim elements, Trial Tr. 81:9-82:11, 5/13/2015 PM); and (3)

Kim alone (identifying 6 claim elements, Trial Tr. 82:13-83:6, 5/21/2015 PM).  Dr. Schubert's

remaining testimony provided a few general reasons that he says suggest no motivation to

combine Nakashima and Kim.  Trial Tr. 83:7-84:11, 5/13/2015 PM.  Dr. Schubert never

identified any specific portions of Nakashima or Kim that allegedly support his conclusions

about missing claim limitations or the lack of a motivation to combine.  Nichia's counsel could

have asked those questions and Dr. Schubert could have provided that testimony, but they chose

not to do so.  Instead, Nichia now proffers FOF 301-302, 305-309, 311-312, 318-319, 321-323,

335-338, and 343-345, which provide expert analysis of and detailed citations to Nakashima and

Kim that purportedly support Dr. Schubert's conclusions on the missing claim elements and lack

of motivation to combine.  Adding what is essentially new "expert testimony" after trial has

concluded is highly improper and prejudicial -- Everlight never had the opportunity to address

this new material at trial.  Thus, the yellow highlighted portions of FOF 301-302, 305-309, 311-

312, 318-319, 321-323, 335-338, and 343-345 should be stricken as set forth in Vasquez Decl.,

Ex. D.

Dr. Schubert provided similarly short and general testimony regarding the alleged

validity of the '870 patent, lasting only four pages.  Trial Tr. 84:15-87:20, 5/13/2015 PM.  Dr.

Schubert identified the claim elements allegedly missing from: (1) the combination of the Waitl

and Nitta prior art references (identifying 4 claim elements, Trial Tr. 84:15-85:10, 5/13/2015

PM); (2) Waitl alone (identifying 3 claim elements, Trial Tr. 85:14-22); and (3) Nitta alone

(identifying 3 claim elements, Trial Tr. 85:23-86:6).  Dr. Schubert also identified a few general

points in testifying on the motivation to combine.  Trial Tr. 86:8-87:20, 5/13/2015 PM.  Dr.

10

Schubert never provided any citations to Waitl or Nitta to support his conclusions about the missing elements or motivation to combine.  Yet Nichia proposes FOF 484-488, 492, 494-497, 509-511, 519-520, 522, 525-526, and 528-531, which provide expert analysis of and detailed citations to Waitl and Nitta in an effort to augment Dr. Schubert's conclusory testimony.  Again, this could have been done at trial, and by waiting until now to identify this evidence, Everlight lost any chance to address this new expert analysis during trial. Accordingly, the yellow highlighted portions of FOF 484-488, 492, 494-497, 509-511, 519-520, 522, 525-526, and 528-531 should be stricken as set forth in Vasquez Decl., Ex. E.

Finally, Dr. Schubert again provided limited testimony regarding the invalidity of the '250 patent.  Trial Tr. 88:16-100:21, 5/13/2015 PM.  Dr. Schubert identified claim elements from the '589 patent he thinks are missing from: (1) the combinations of the Hitachi and Glenn or Sanyo prior art references (identifying 4 claim elements, Trial Tr. 88:16-89:13, 5/13/2015 PM); (2) Hitachi alone (identifying 8 claim elements, Trial Tr. 94:22-95:6, 95:21-96:12, 5/13/2015 PM); (3) Sanyo alone (identifying 6 claim elements, Trial Tr. 98:17-99:9, 5/13/2015 PM); and (4) Glenn alone (identifying 6 claim elements, Trial Tr. 99:11-100:1, 5/13/2015 PM).  Dr. Schubert also spent a little time discussing why he contends there was no motivation to combine Hitachi with Glenn or Sanyo.  Trial Tr. 95:7-20, 97:3-98:11, 5/13/2015 PM.  Dr. Schubert never identified any specific portions of Hitachi, Glenn, or Sanyo to support his conclusions about missing claim limitations or the lack of a motivation to combine.  But as with the other prior art combinations, Nichia now proposes FOF 139-140, 142, 145-148, 150, 157-166, 168-169,172-175, 178-179, 189, 191, 193, 203d, 208-210, 212-222, 224, and 228, which include expert analysis of and detailed citations to Hitachi, Glenn, and Sanyo that were not in Dr. Schubert's trial testimony.  For the same reasons discussed above, the yellow highlighted portions of FOF

11

139-140, 142, 145-148, 150, 157-166, 168-169,172-175, 178-179, 189, 191, 193, 203d, 208-210, 212-222, 224, and 228 should be stricken as set forth in Vasquez Decl., Ex. F.

With respect to all of the above findings of fact that Everlight asks the Court to strike, Nichia's decision not to elicit these facts from Dr. Schubert during trial means that Everlight never had the opportunity to challenge by way of cross examination what is now represented by Nichia as the factual underpinnings for Dr. Schubert's vague and generalized trial testimony on invalidity.  This tactic is prejudicial and unfair, and effectively deprives Everlight of its due process rights to address the evidence to be used against it at trial.

## III.    CONCLUSION

For the foregoing reasons, Everlight respectfully requests that the Court strike from Nichia's proposed findings of fact and conclusions of law the materials specified in the accompanying Vasquez Decl., Exs. A-F.


Dated:  June 17, 2015                    Respectfully submitted,

                                         /s/ Richard C. Vasquez
                                         Richard C. Vasquez
                                         CA State Bar No. 127228
                                         Jeffrey T. Lindgren
                                         CA State Bar No. 176400
                                         Eric W. Benisek
                                         CA State Bar No. 209520
                                         Robert S. McArthur
                                         CA State Bar No. 204604
                                         Stephen C. Steinberg
                                         CA State Bar No. 230656
                                         **VASQUEZ BENISEK & LINDGREN LLP**
                                         3685 Mt. Diablo Boulevard, Suite 300
                                         Lafayette, CA  94549
                                         925-627-4250-Phone
                                         925-403-0900-Fax
                                         Email: rvasquez@vbllaw.com
                                                jlindgren@vbllaw.com
                                                ebenisek@vbllaw.com
                                                mcarthur@vbllaw.com
                                                ssteinberg@vbllaw.com

Melissa R. Smith
Texas Bar No. 24001351
GILLIAM & SMITH, LLP
303 S. Washington Avenue
Marshall, TX 75670
903-934-8450 – Phone
903-934-9257 – Fax
Email: melissa@gilliamsmithlaw.com

Attorneys for Defendants Everlight Electronics Co., Ltd.,
and Everlight Americas, Inc.

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendants have complied with the meet and confer requirement set

forth in Local Rule CV-7(h).  Nichia opposes Defendants' motion to strike portions of Nichia's

post-trial findings of facts and conclusions.  On June 9, 2015, Richard Vasquez, Jeffrey

Lindgren, Melissa Smith, and Stephen Steinberg, counsel for Defendants, met and conferred via

teleconference with Robert Parker, Martin Zoltick, and Collin Maloney for Plaintiff, to discuss

Defendants' motion to strike portions of Nichia's post-trial findings of fact and conclusions.

The parties were unable to reach an agreement regarding the issues raised.  The discussion

conclusively ended in an impasse, leaving an open issue for the Court to resolve.


/s/ Richard C. Vasquez
Richard C. Vasquez


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on June 17, 2015 with a copy

of this document through the Court's e-filing system.

/s/ Richard C. Vasquez
Richard C. Vasquez


13