**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NICHIA CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>EVERLIGHT ELECTRONICS CO., LTD.,<br>EVERLIGHT AMERICAS, INC., ZENARO<br>LIGHTING, INC. and ZITROZ LLC,<br><br>      Defendants. | Case No. 02:13-cv-702-JRG |

**PLAINTIFF NICHIA CORPORATION'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF NICHIA'S POST-TRIAL**
**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (DKT NO. 181)**

## INTRODUCTION

Plaintiff Nichia Corporation ("Nichia") respectfully submits this opposition to Defendants' Motion to Strike Portions of Plaintiff Nichia Corp.'s Post-Trial Proposed Findings of Fact and Conclusions of Law (Dkt. No. 181) ("Motion").  Defendants' general complaint is that Nichia's post-trial proposed findings of fact ("PFFs") (Dkt. No. 179) include evidence not admitted, and expert analysis not elicited, at the bench trial held on May 11-13, 2015.  Mot. at 1. Neither point stands up to scrutiny.  In fact, Defendants' motion highlights Nichia's efforts to provide the Court with a comprehensive overview of the trial evidence, and to place that evidence into context, so that the Court can make its final ruling on the merits of the case.

Defendants' most provocative allegation is that Nichia's counsel "improperly altered" evidence.  Mot. at 5.  This charge is not only baseless, it is irresponsible.  Nichia is accused of nothing more than annotating certain pictorial exhibits to highlight or identify features that were discussed at trial--just as, for example, one would highlight or italicize a quotation from an exhibit, such as a patent or an e-mail message.  The fact that Defendants would go so far as to accuse Nichia's counsel of altering evidence based on this common practice (which the Federal Circuit has acknowledged, and Defendants themselves have done in this case--*see* Defendants' Response to Claim Construction Br. at 3, 8, 13, 19 (Dkt. No. 60))—is not surprising, given their cavalier approach on a number of important points.

## BACKGROUND

On March 23, 2015, the parties filed with the Court their respective pre-trial proposed findings of fact and conclusions of law.  (Dkt. Nos. 131, 133).  In that submission, Nichia provided the Court with a comprehensive overview of the evidence it expected to be admitted into the trial record.  Then, at the close of the bench trial in this case, the Court instructed the parties "to *amend and revise* their proposed findings of facts and conclusions of law *with*

1

*particular emphasis on citing specific portions of the transcript*." Trial Tr., 158:8-22, May 13, 2015, p.m. (emphasis added). In accordance with these instructions, Nichia revised and amended its comprehensive pre-trial submission to reflect admitted trial evidence, with extensive references to trial testimony. Nichia's approach in its PFFs was to offer a comprehensive treatment of the evidence, with the understanding that the Court would evaluate the trial record and render its decision in due course. *See* Plaintiff Nichia Corporation's Proposed Post-Trial Findings of Fact and Conclusions of Law (Dkt. No. 179).

Defendants took a different approach. Giving less emphasis to the Court's instruction to "amend and revise," Defendants focused more heavily on the Court's instruction to emphasize the trial transcript. Mot. at 2. To a significant extent, Defendants' proposed findings are conclusory statements followed by "cites to a portion of the trial transcript and/or a stipulated fact, as well as an admitted trial exhibit where appropriate." *Id.*

Soon after the parties filed their post-trial submissions, Defendants challenged Nichia's PFFs. First, they correctly pointed out that Nichia appeared to cite exhibits that had not been admitted into evidence at trial. The parties quickly discovered that this was primarily the result of the renumbering of exhibits prior to trial, and Nichia has filed separately an unopposed motion for leave to file amended PFFs to correct these and other ministerial errors.

Second, Defendants accused Nichia's counsel of "adulterating evidence," referring to demonstratives that had not been admitted into evidence, and referring to portions of exhibits that had not been referenced in trial testimony. Declaration of Robert P. Parker, Ex. A, at 10-11 (e-mail from R. Vasquez to R. Parker, June 5, 2015) ("Parker Decl."). Nichia's counsel objected to the substance of the "adulteration" charge, and to Defendants' vituperative language. Nichia

addressed Defendants' other objections, explaining why Nichia's PFFs are proper. *Id.* at 5-7 (e-mail from R. Parker to R. Vasquez, June 10, 2015).

As discussions moved forward, Nichia was open to addressing errors it may have made, including errors to record citations. Defendants were not so inclined. For example, Nichia pointed out that Defendants' discussion in their PFFs of the Federal Circuit's decision in *Douglas Dynamics, LLC v. Buyers Prod. Co.,* 717 F.3d 1336 (Fed. Cir. 2013), misstates the court's holding. The court of appeals did *not* affirm the trial court's denial of an injunction, as Defendants contend (Dkt. No. 178, ¶ 480); the Federal Circuit reversed the trial court, and ordered the trial court to enter an injunction. *Douglas Dynamics*, 717 F.3d at 1346. Defendants' quotations from the case are from the dissent, which Defendants failed to point out. In response, Defendants' counsel stated that he had not had time to read the case, and accused Nichia of quibbling. *See* Parker Decl., Ex. A, at 1-2 (e-mail from J. Lindgren to R. Parker, June 17, 2015).[1] Before Nichia had a chance to respond to Defendants' position, Defendants filed the instant Motion.

Defendants' motion has no merit. Defendants cite no relevant authority to support their charges and they ignore case law directly on point. Insofar as Defendants challenge the content of Nichia's PFFs, the Court is fully capable of evaluating both parties' post-trial submissions and determining, based on the trial exhibits and testimony, whether the proposed findings of fact and conclusions of law are or are not supported by evidence.

---

[1]    Nichia's other qualms about Defendants' submission concerned references to the testimony that Nichia found misleading. Parker Decl., Ex. A, at 2 (e-mail from R. Parker to J. Lindgren, June 16, 2015, 11:52 a.m.). Defendants responded, in effect, by defending their interpretation of the record. *Id.*, at 1 (e-mail from J. Lindgren to R. Parker dated June 18, 2015). The parties' disagreement highlights the fact that the Court is in the best position to determine whether and to what extent the parties' post-trial submissions do or do not have support in the documentary and testimonial evidence admitted at trial.

## LEGAL STANDARD

Defendants have not specified an appropriate legal standard by which their motion should be assessed.  They rely on Federal Rule of Civil Procedure 12(f) for the proposition that the Court may strike a pleading of "redundant, immaterial, impertinent, or scandalous matter."  Mot. at 3.  Rule 12(f) is not relevant to Defendants' motion:  the PFFs are not pleadings (*see* Fed. R. Civ. P. 7(a)), and Defendants' accusations do not fall within any of the Rule 12(f) categories. *See also Fox v. Michigan State Police Department*, 173 Fed. App'x 372 (6th Cir. 2006) ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)").

Likewise, as discussed in greater detail below, the cases on which Defendants rely, *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701 (7th Cir. 2013), and *U.S. v. Holton*, 116 F.3d 1536 (D.C. Cir. 1997), are not on point.  They concern the submission of demonstrative materials to juries in circumstances in which the challenging party was able to demonstrate prejudice.  This was not a jury trial, and Defendants have cited no prejudice.

As discussed below, on each of the points Defendants raise, Nichia has readily identified relevant case law setting out the legal standards that this Court should follow.  In general, given that this case was tried to the Court, Nichia proposes that the Court exercise its discretion and consider whether the challenged materials are consistent with the purpose of the PFFs overall – that is, whether they will assist the Court in rendering its final findings of fact and conclusions of law based on the evidence presented and admitted at trial, as specified in Federal Rule of Civil Procedure 52.  This common-sense approach, too, has support in precedent.  *See, e.g., Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 12 (D.D.C. 2005) ("[B]oth parties are reminded that this is no longer a jury trial but a bench trial. Many of the proffered exhibits provide a road map or

4

highlight points in [the evidence] that will in fact aid the Court to evaluate [the evidence]. . . .

[H]ow is the Court to treat exhibits appended to an expert's report: as demonstrative aids, as

illustrations and guidance, or as substantive admissible evidence?  In a bench trial, does it really

matter?  To the extent that the summary exhibits are accurate representations of the data

contained within the [evidence], the Court will consider them under Rule 611 of the Federal

Rules of Evidence regardless of whether they ultimately are formally admitted in evidence")

(citations omitted).

**ARGUMENT**

**I.     Defendants' Objection to Nichia's Use of "Demonstratives"
        in Its Post-Trial Submission Has No Basis**

Defendants object to the graphic representations in Nichia's PFFs at ¶¶ FF-24, FF-37, FF-

49, FF-50, and FF-202.  Mot. at 4-5; Decl. of Richard C. Vasquez, Ex. A ("Vasquez Decl.").

These materials are: a chart showing which asserted claims are directed to which accused

products; a graphic representation of an LED package with its principal components identified; a

list of the evidence on which Nichia's technical expert, Professor Schubert, relied in forming his

opinions; the protocol by which certain technical reports admitted into evidence were prepared;

and a chart showing differences in the fabrication and design of LED packages and IC-type

packages.  *Id*.

Each of these so-called demonstratives is accompanied by a citation to the trial testimony

in which a witness addressed the material from the graphic.  *See* Nichia PFFs, Dkt. No. 179, ¶¶

FF-24, FF-37, FF-49, FF-50, FF-202.  In their motion, Defendants do not challenge the fact that

each graphic reflects the substance of the cited testimony.[2]  Moreover, as Nichia has pointed out

---

[2]     Defendants' contend that the image included at Nichia's PFF ¶ FF-37 does not exactly
match a demonstrative used at trial.  Mot. at 5; Vasquez Decl., Ex. A.  That misses the point.

to Defendants, their position elevates form over substance: Defendants would not have objected

if, instead of using a graphic shown at trial, Defendants had prepared a chart summarizing the

same testimony in a different format.  Parker Decl., Ex. A, at 5-7 (e-mail from R. Parker to R.

Vasquez dated June 10, 2015).

The case law on this point, which Defendants neither cite nor address, is contrary to their

position.  Courts routinely look at demonstratives that cite to and summarize evidence admitted

into the record at a bench trial.  *See Borland v. Marvell Semiconductor, Inc.*, No. 09-cv-364,

2011 WL 10843894, at *1 (W.D. Tex. Aug. 8, 2011) (denying motion to strike demonstratives in

PFFs submitted following a bench trial insofar as the demonstratives cited exhibits admitted at

trial); *In re Omeprazole Patent Litig.*, 490 F. Supp. 2d 381, 487 (S.D.N.Y. 2007) ("Impax lodges

a general objection to twenty-nine demonstratives that were used at trial and cited in Plaintiffs'

Proposed Findings of Fact . . . . . The demonstratives are included in Plaintiffs' submission for

the convenience of the Court, and Plaintiffs properly rely on the expert testimony concerning

each demonstrative that was discussed at trial and exhibits that were listed on the demonstrative

and properly admitted at trial."); *Minebea*, 231 F.R.D. at 12 ("To the extent that Papst objects to

the admission of what are strictly speaking demonstrative exhibits under Rule 611 because they

would be unfairly prejudicial if considered admitted in evidence and as substantive evidence in a

jury trial, both parties are reminded that this is no longer a jury trial but a bench trial. . . . To the

extent that the summary exhibits are accurate representations of the data contained within the

[trial evidence], the Court will consider them under Rule 611 of the Federal Rules of Evidence

regardless of whether they ultimately are formally admitted in evidence").

---

Nichia's expert, Dr. Schubert, testified that an LED package typically includes "leads," "a
housing resin," an "LED die," "bond wires," and "an encapsulation material" and the testimony
cited along with it.  Trial Tr., 32:4-22, May 11, 2015, a.m. (Schubert).  The demonstrative thus
tracks the trial testimony.

Not surprisingly, therefore, Defendants have not shown a legal basis for striking the demonstratives/graphics from Nichia's PFFs.  As noted above, the decisions on which Defendants rely, *Baugh* and *U.S. v. Holton*, address jury, not bench, trials, and the holdings were more nuanced than Defendants contend.  In *Holton,* the issue was whether the trial court had erred by allowing a jury to review during deliberations a prosecution-prepared transcript of a garbled recording.  *Holton*, 116 F.3d at 1538, 1540-45.  The D.C. Circuit pointed out the prejudice that might result if the jurors were to be influenced by the transcript rather than their own interpretation of the play-back.  *Id.* at 1540-41.  No such concern arises here: the Court is the finder of fact and can evaluate whether the graphic summary of the evidence is useful or not.

*Baugh* was a products liability case involving a ladder.  The trial court allowed the jury to examine a sample ladder that had been used by an expert, but had not been introduced into evidence.  730 F.3d at 704.  The Seventh Circuit overturned the trial court, but it noted (and disagreed with) a Fifth Circuit decision, *Big John, B.V. v. Indian Head Grain Co.,* 718 F.2d 143, 148–49 (5th Cir.1983), affirming a verdict reached after the jury was allowed to use a damages chart that had not been admitted into evidence.  *Baugh*, 730 F.3d at 710.  *Big John* is much closer to the situation presented here than *Baugh*.

Defendants' reliance on another Fifth Circuit decision, *Pierce v. Ramsey Winch Co.,* 753 F.2d 416 (5th Cir. 1985), is misplaced as well.  Mot. at 4.  In that case, the trial court refused to allow a party to submit a demonstrative exhibit to the jury during deliberations.  The Fifth Circuit upheld the trial court's decision:

> A trial court also has the discretion to permit the parties to show to the jury charts and other visual aids that summarize or organize testimony or documents that have already been admitted in evidence. Charts of this nature are not themselves evidence and, absent the consent of all parties, they should not be sent to the jury room with the other exhibits. . . . We have made clear, however, that a district court does not err in informing the jury that pedagogical charts are *not* evidence or in refusing to send them to the jury room.

753 F.2d at 431 (emphasis in original, citations omitted).  Nothing in *Pierce* addressed the issue

of whether a trial court may consider a graphic summary of the evidence.  Indeed, *Big John*

confirms that graphic summaries may be used even in a jury case.  718 F.2d at 148 ("The

submission of materials whether or not admitted in evidence, to the jury during deliberations,

accompanied by careful cautionary instructions as to their use and limited significance, is within

the discretion accorded the district court in order that it may guide and assist the jury in

understanding the factual controversy.") (internal quotation marks and citations omitted).

In sum, the demonstratives in Nichia's PFFs are accompanied by citations to the record

testimony that they summarize.  The Defendants have not challenged the accuracy of the

demonstratives, they have not shown prejudice from the demonstratives, and they have conceded

that the PFFs would not have been objectionable if the demonstratives had been presented in a

different form.  The jury cases on which Defendants rely are irrelevant, whereas Fifth Circuit

cases and other precedent on point support Nichia.  The Court may and should use the

challenged materials for whatever purpose they serve in light of the trial record.

## II.  The Annotation of the Exhibits Shown In Nichia's PFFs Is Entirely Proper

Before addressing Defendants' utter lack of support for their argument on this point, it is

important to clarify what Defendants' point is.  Many of the exhibits admitted into evidence

include pictures, x-ray images, drawings, and similar depictions of LED packages.  Insofar as

technology allows, images in Nichia's PFFs were taken directly from the exhibits, and are

identical in all respects to the evidence admitted at trial.  As Defendants' submission shows (*see*

Vasquez Decl., Ex. B), there is not one instance in which Nichia's counsel "altered" an image in

a trial exhibit when that image was transferred to the Nichia PFFs.  *Thus, Defendants' charge*

*that Nichia's counsel "altered" evidence (Mot. at 5) is baseless and irresponsible.*

8

Defendants' complaint is that Nichia's counsel *annotated* images that were incorporated into the PFFs in order to identify or highlight aspects of those images for the Court's consideration.  Mot. at 5 (under the heading "Nichia Improperly Altered at Least 70 Pictures," Defendants object to Nichia's counsels' "adding lines, circles, shading and/or annotations, or in some cases putting multiple pictures together in a single image, as a teaching aid to help prove Nichia's case").  Not only is this far different from the charge that Nichia's counsel "altered" evidence, but Defendants refer to no precedent, rule, or other legal basis for their objection.

As an initial matter, Defendants confuse the issue.  The *evidence* on which Nichia relies is not the image in the PFF; the *evidence* is the trial exhibit from which the image was taken.  In each instance, Nichia's counsel cited the exhibit from which the image was taken, and that exhibit is available for the Court's examination.  To the extent that Nichia's counsel highlighted or labelled an image, these annotations were obvious and supported by citations to the evidence in the trial record.  When Nichia's counsel raised this point to Defendants during meet-and-confer discussions, Defendants did not challenge Nichia's position.  Parker Decl., ¶ 2 and Ex. A, at 5-7 (e-mail from R. Parker to R. Vasquez, June 10, 2015).

Defendants also have acknowledged once again that their concern is form, not substance.  When Nichia's counsel pointed out that Nichia could have described their annotations with words, and Defendants then could not have objected, Defendants did not contest the point.  Parker Decl., ¶ 2, Ex. A, at 10-11 (e-mail from R. Vasquez to R. Parker, June 5, 2015).  For example, if Nichia's PFFs had included an unannotated image, but then had stated, "The black, anvil-shaped element on the bottom left of this image is a lead electrode," Defendants would have had no cause for objection.  *Id.*  Defendants object only to the expedient of using an arrow and a label, not to the identification of particular elements.

9

Annotations like those in Nichia's PFFs are common, and Defendants themselves have

done it.  *See* Everlight's Response to Claim Construction Br. at 3, 8, 13, 19 (Dkt. No. 60).

Moreover, the Federal Circuit – in a 2014 decision that rudimentary research on Defendants' part

would have uncovered – recognized the practice.  In *KI Ventures, LLC v. Fry's Electronics, Inc.*,

579 F. App'x 985 (Fed. Cir. 2014), the Federal Circuit overturned the dismissal of a lawsuit for

plaintiff's failure to comply with a court order directing plaintiff to file preliminary infringement

contentions.  The court of appeals held that plaintiff's annotated pictures of defendants' products

satisfied the order.  *Id.* at 991 ("Although KI did not use words to describe the part of the product

it accuses for every limitation, it did provide annotated pictures with arrows that clearly point to

the accused parts for every claim limitation").  Nichia did no more and no less.[3]

Finally, if the Court were to grant Defendants' Motion on this point, the correct step

would be to remove the annotations, but not the images – as explained previously, the images are

taken directly from the exhibits and are proper evidence.  Of course, the PFFs still would include

the images and the references to the trial evidence that supports the annotations, so the removal

of the annotations would accomplish nothing.  As the situation now stands, if the annotation is

correct and supported by the evidence, it is an aid to the Court, and the Court is fully capable of

determining whether the evidence supports the annotation.  The court's holding in *Minebea* thus

applies here as well: the annotations provide a road map or highlight points in the trial record

that are intended to aid the Court's evaluation of the evidence.  231 F.R.D. at 12.  The Court can

and should use these materials.

---

[3]     Other courts have noted without objection the practice of annotating exhibits.  *See, e.g., Wacoh Co. v. Analog Devices, Inc.*, No. 09-cv-10119, 2011 WL 1297088, at *1 (E.D. Mich. Apr. 5, 2011) ("The Defendants' brief also reproduces Figure 20 of the patent, with annotations, to assist the Court in understanding the structure of the Plaintiff's claimed sensor").

The Court is in the best position to decide whether Nichia's PFFs are supported by the trial record – indeed, the Court will have to do so in order to render a final ruling.  Defendants' Motion to strike the annotated images seeks to undermine that process, contrary to precedent and practice, and to no positive purpose.  As Defendants have cited no authority suggesting that these annotations are improper, the Court should deny Defendants' motion to strike these PFFs.

### III.     Nichia's PFFs Do Not Include Unsupported Expert Analysis

Defendants also seek to exclude from Nichia's PFFs swaths of material that quote from, or relate to, exhibits that were admitted without objection into the trial record.  Mot. at 9-12.  As shown in the highlighted materials attached to Mr. Vasquez's declaration as Exhibits C through F, these materials are drawn directly from the trial exhibits.  Nonetheless, Defendants contend that these materials are "expert analysis that was not elicited from Nichia's technical expert, Dr. Schubert, or any other witness for that matter, at trial."  Mot. at 9.  Again, Defendants cite no legal authority for their position; again, they do not grapple with case law against them; and again, their Motion has no basis in a case tried to the Court, where the trier of fact is fully capable of assessing whether the proposed findings are supported by the cited exhibits.

Defendants cite Nichia's PFF ¶ FF-205 and its discussion of trial exhibit PTX 1144 as illustrative.  Mot. at 9.  As Defendants point out, PTX 1144 is a section of a textbook on LED packaging.  *See* Parker Decl., Exhibit B (excerpts from PTX 1144).  Defendants questioned Nichia's expert, Professor Schubert, about a single sentence in the text.  Mot. at 9, citing Trial Tr., 119:1-120:15, May 13, 2015, p.m.  According to Defendants, Nichia's PFF ¶ FF-205 "sets out new expert analysis on how the passage [in the textbook] addressed on cross-examination should be considered in light of other portions of the text that were never addressed at trial."  Mot. at 9.  The argument is specious.

11

Defendants' argument with respect to PFF ¶ FF-205 has two parts.  First, Defendants object to the fact that Nichia quoted the entire paragraph from which the single sentence discussed at trial was taken.  Second, PFF ¶ FF-205 includes a proposed finding Nichia thinks the Court should draw from this paragraph, as follows:  "Thus, although it 'has been the belief that the knowledge learned in in [sic] the past 20 years in IC packaging can be applied to LED packaging,' *id*., LED packaging relating to powering, thermal management, light and color management, and mechanical protection raise unique issues in LED package design."  *Id.*

As to Nichia's direct quotations from the trial exhibit, Defendants do not contest the accuracy or relevance of the quotations.  Nor have Defendants asserted that the exhibit, PTX 1144, was admitted in error, either in whole or in part.  Accordingly, Defendants have no basis for their position that inclusion of the material in PFF ¶ FF-205 was improper.  This same principle applies, of course, to every one of the dozens of objections Defendants raise to Nichia's quotations taken directly from other trial exhibits.

Defendants' position, moreover, has no legal foundation.  The relevant case law (which Defendants once again omit from their Motion) is to the contrary:

> . . . Defendants argue that thousands of pages of documents were admitted into evidence without having ever been identified or discussed during the trial. Taken to its logical conclusion, Defendants' argument is that every page of every document that is sent back with the jury has to be discussed by a witness on the stand. That is simply not the case. The Court is unaware of a single Judge, either in state or federal court, that requires every page of every document sent back with the jury to be mentioned during trial. It is common practice in every jurisdiction in which this Court practiced for over 35 years to admit documents into evidence without such testimony."

*Official Comm. of Unsecured Creditors v. Baldwin*, No. 10-cv-800, 2013 WL 2158543, at *22 (W.D. Pa. May 17, 2013).  As the material to which Defendants object on these grounds involves quotations or other information drawn directly from trial exhibits admitted without objection or

qualification, the rule that an exhibit may (in fact, should) be considered in its entirety, regardless of whether a particular portion was discussed during the trial, is dispositive.

As to the remainder of the material to which Defendants object, their arguments make no sense.  For example, in PFF ¶ FF-205, discussed above, the concluding sentence is a proposed finding of fact that Nichia asks the Court to adopt based on the material contained in that paragraph (as well as other trial evidence to a similar effect).  Defendants are thus asking the Court to strike a proposed finding of fact on the ground that it is just that:  a *proposed* finding. They offer no legal or logical reason to do so.  Other proposed PFFs to which Defendants object, although they differ to some extent, fall into the same category: they are *proposed* findings based on information drawn from evidence admitted into the record.  *See, e.g.,*

- Vasquez Decl., Ex. D, PFF ¶ FF-301 (summarizing the technical issue to which prior-art reference Nakashima was addressed, with citations to the reference); PFF ¶¶ FF-306-307 (paraphrasing the trial exhibit, followed by supporting quotations); PFF ¶¶ FF-310-311 (pointing out that, contrary to the testimony of Defendants' expert, the reference does not discuss certain elements, and does not even include the relevant words); PFF ¶ FF-343 (pointing out that, despite conclusory testimony from Defendants' expert, his testimony did not include key points);

- Vasquez Decl., Ex. E, PFF ¶ FF-487 (discussing a prior art reference, with supporting quotations from the reference itself); PFF ¶ FF-495 (discussing the disclosure in a reference, with citation); PFF ¶¶ FF-509-11 (discussion of prior art references, with citations and quotations); PFF ¶¶ FF-520, FF-522, FF-525, FF-526 (proposing findings to be drawn from the discussion of the references);

13

- Vasquez Decl., Ex. F, PFF ¶¶ FF-139-140 (introductions to and quotations directly from prior-art references); PFF ¶ FF-145 (discussion of disclosure in prior-art reference, and proposed finding); PFF ¶ FF-147 (showing that the prior-art reference does *not* disclose features ascribed to it by Defendants' expert); PFF ¶¶ FF-161, FF-162, FF-163 (discussion of aspects of prior-art reference, followed by supporting citations and quotations); PFF ¶ FF-173 (explaining that a prior-art reference does *not* relate to a light-emitting device).[4]

In short, although Defendants object to Nichia's quotations from the evidence, and to Nichia's contextualization of the evidence, there is nothing improper in Nichia's proposed findings.

Defendants complain nonetheless that, by not raising each of these specific points at trial, Defendants were deprived of the chance to cross-examine Nichia's expert on these issues.  Mot. at 9.  This argument has no basis either.  First, as noted above, the trier of fact is allowed to (and expected to) consider all of the evidence, whether a particular piece of evidence was discussed during witness testimony or not.  Second, Defendants have cited no authority for the proposition that a proposed finding must be based on witness testimony, and that a party may not rest parts of its case on documents.  Nichia certainly had the option to draw out trial testimony on points where it deemed that testimony to be necessary, but then rely on documentary evidence to support its position where that evidence would suffice.  Defendants have cited no principle or precedent that prohibits that approach.  In fact, there are good reasons to suspect that Defendants

---

[4]  These examples are not a comprehensive survey of the material to which Defendants object. They show the types of materials Nichia properly included in its PFFs, and demonstrate why Defendants' objections are misplaced.

did not have this understanding before they saw Nichia's PFFs, and that their arguments are a post-hoc effort to undermine the approach to the post-trial submissions that Nichia adopted.[5]

## CONCLUSION

Pursuant to Fed. R. Civ. P. 52, this Court will issue findings of fact and conclusions of law.  The Court's findings are based on the trial record as a whole.  *See* Fed. R. Civ. P. 52(a)(6) (findings of fact subject to the "clearly erroneous" standard of review); *Anderson v. City of Bessemer,* 470 U.S. 564, 573 (1985) ("[a] finding is 'clearly erroneous' when . . . the reviewing court *on the entire evidence* is left with the definite and firm conviction that a mistake has been committed") (emphasis added, citation omitted).  The Court is entitled to draw, and should draw, whatever facts are necessary to its decision based on its evaluation of the totality of the trial evidence.  Defendants have pointed to nothing in Nichia's PFFs that was not included in the trial record, or was not reasonably drawn from the trial record, or that the Court is otherwise prohibited from considering and evaluating as it assesses the trial record.  Most importantly, the Court is in the best position to determine what weight each of the parties' proposed findings should receive.  Defendants' motion should be denied.

---

[5]       At trial, both parties' witnesses identified documents that were never discussed in detail, but that were admitted into evidence.  Obviously, the parties intended to rely on the information in those exhibits in their post-trial submissions.  Moreover, given the hundreds of exhibits that each party introduced into evidence, a rule that would require parties to elicit testimony on every part of an exhibit on which they might rely would have led to a trial lasting weeks, if not months. Finally, the rule Defendants advocate would put the party with the burden of proof at a disadvantage; if an expert testified as to a document during a rebuttal case, the party with the burden would not be able to point out the weakness of the rebuttal expert's testimony through expert testimony, as Defendants' now would require.  In this case, each side had the opportunity to present at trial the significant points it wanted to raise regarding the documentary evidence and otherwise; each party then had the opportunity in its PFFs to point the Court to relevant materials in the documentary record in support of its respective PFFs.

DATED:  June 25, 2015                          Respectfully Submitted,


                                              Otis W. Carroll
                                              Texas Bar No. 04893700
                                              Collin M. Maloney
                                              Texas Bar No. 00794219
                                              Mandy Carroll Nelson
                                              Texas Bar No. 24055270
                                              IRELAND, CARROLL & KELLEY, P.C.
                                              6101 South Broadway, Suite 500
                                              Tyler, TX 75703
                                              Telephone: (903) 561-1600
                                              Facsimile: (903) 581-1071
                                              Email: nancy@icklaw.com
                                              Email: cmaloney@icklaw.com
                                              Email: mnelson@icklaw.com


                                              BY:  /s/ Robert P. Parker
                                              ROTHWELL, FIGG, ERNST &
                                              MANBECK, P.C.
                                              Robert P. Parker
                                              Martin Zoltick
                                              Michael Jones
                                              Chen Li
                                              607 14th Street, N.W. – Suite 800
                                              Washington, D.C.  20005
                                              Tel:  (202) 783-6040
                                              Fax:  (202) 783-6031
                                              Email: rparker@rfem.com
                                              Email: mzoltick@rfem.com
                                              Email: mjones@rfem.com
                                              Email: cli@rfem.com
                                              *Attorneys for Plaintiff Nichia Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2015, the foregoing document was filed electronically in

compliance with Local Rule CV-5(a), and served via email upon counsel of record.

By: /s/  *Robert P. Parker*
      Robert P. Parker