# DECLARATION OF ROBERT P. PARKER

# EXHIBIT A

# Robert P. Parker

| | |
|---|---|
| **From:** | Jeff Lindgren <jlindgren@vbllaw.com> |
| **Sent:** | Wednesday, June 17, 2015 8:02 PM |
| **To:** | Robert P. Parker; Rich Vasquez |
| **Cc:** | Melissa Smith; 'Collin Maloney'; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; 'Christa Hicks'; Stephen Steinberg; 'Otis Carroll (otiscarroll@icklaw.com)' |
| **Subject:** | Re: Nichia's proposed motion to amend its post-trial PFFs/CLs |

Bob:

Thanks for your email. With regard to your comments regarding our submission, I will address each below in **_bold italic_** after your request:

> 46. The citations provided in this paragraph do not include any statements to the effect that the unplated metal surfaces on the outer side surfaces of the XI3030 and XI3535 products are referred to as tie bars, as this PFF indicates. Please revise the citation or withdraw the paragraph. **_The first citation to the transcript is of Dr. Schubert confirming that he is aware that an Everlight witness referred to those metal surfaces as "tie bars." The second citation to the transcript is to Everlight's Allen Hsieh identifying the unplated metal surfaces on the XI3030 and XI3535 in the photos from PTX458 and PTX460 as "tie bars." Finally, the third citation to the transcript is of Dr. Bretschneider identifying the unplated metal surfaces on the XI3030 and XI3535 products as "tie bars." So I am confused by your point, but see no reason to revise or amend._**

> 81. The citations you provided do not include testimony by Professor Schubert as described in that paragraph. Please revise the citation or withdraw the paragraph. **_Each of the citations to the transcript include testimony where Dr. Schubert uses his annotated Fig. 5 from the 870 patent that identifies the wall portion as the surface indicated with green highlighting, which includes what is identified as recess 120. That cannot be disputed. Based on Dr. Schubert's testimony explaining his own demonstrative exhibits, I don't see how you can dispute that the top of wall portion 104 includes the bottom surface of recess 120. Based on this, there is no reason to revise or withdraw the paragraph._**

> 148. The quotation from the Liu and Luo reference is incorrect. Please amend. **_I am not sure what is incorrect. The quotation in this PFF 148 tracks exactly to my question set out in the citation to the transcript, so that is not incorrect. If you believe that I incorrectly quoted the text of PTX1144 when asking the question in open court, you should have raised that then; it's too late now. If I am missing something here, let me know. Otherwise, there is no basis for your request to amend._**

> 480. The quotations from the _Douglas Dynamics_ decision are from the dissent, and the case itself stands for the opposite proposition for which it is cited: the court of appeals reversed the trial court's denial of a permanent injunction and remanded for entry of a permanent injunction. Please correct the reference. **_I will look at the case further, I just have not had time yet. But I am puzzled by this request. Quibbling about case cites seems a waste of time and unproductive. We have not attempted to confirm the accuracy or propriety of your case citations and won't. I wonder whether given the above responses you really want to pursue this last issue._**

Best,

Jeff

**Jeffrey T. Lindgren**
**Attorney at Law |Vasquez Benisek & Lindgren LLP**
www.vbllaw.com | 3685 Mt Diablo Blvd, Suite 300, Lafayette, CA 94549
Main 925-627-4250 | Cell 925-297-9261 | Fax 925-903-0403

*This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive it for the addressee), you may not use, copy or disclose to anyone the message or any information contained in or attached to the message. If you have received this message in error, please advise the sender by reply email to jlindgren@vbllaw.com and delete the message.*

**From:** "Robert P. Parker" <rparker@rothwellfigg.com>
**Date:** Tuesday, June 16, 2015 at 11:52 AM
**To:** Jeffrey Lindgren <jlindgren@vbllaw.com>, Richard Vasquez <rvasquez@vbllaw.com>
**Cc:** Melissa Smith <melissa@gillamsmithlaw.com>, 'Collin Maloney' <cmaloney@icklaw.com>, Eric Benisek <ebenisek@vbllaw.com>, Padraig O'Connor <poconnor@vbllaw.com>, NichiaEverlight13702 <NichiaEverlight13702@rothwellfigg.com>, 'Christa Hicks' <Christa@gillamsmithlaw.com>, Steve Steinberg <ssteinberg@vbllaw.com>, "'Otis Carroll (otiscarroll@icklaw.com)'" <otiscarroll@icklaw.com>
**Subject:** Nichia's proposed motion to amend its post-trial PFFs/CLs

Dear Jeff,

I have attached a draft of a motion for leave to amend Nichia's proposed findings of fact/conclusions of law. Please let us know whether defendants will/will not oppose the motion.

We are also in the process of completing our detailed review of Defendants' submission. We note that there are several errors that justify amendment. Although our review is ongoing, here are instances we have identified (references are to paragraph numbers):

> 46. The citations provided in this paragraph do not include any statements to the effect that the unplated metal surfaces on the outer side surfaces of the XI3030 and XI3535 products are referred to as tie bars, as this PFF indicates. Please revise the citation or withdraw the paragraph.
>
> 81. The citations you provided do not include testimony by Professor Schubert as described in that paragraph. Please revise the citation or withdraw the paragraph.
>
> 148. The quotation from the Liu and Luo reference is incorrect. Please amend.
>
> 480. The quotations from the *Douglas Dynamics* decision are from the dissent, and the case itself stands for the opposite proposition for which it is cited: the court of appeals reversed the trial court's denial of a permanent injunction and remanded for entry of a permanent injunction. Please correct the reference.

We will let you know in another day or so whether we have identified any other issues of concern. In the meantime, please let us know how Defendants plan to proceed on these points.

Best,

Bob

**From:** Jeff Lindgren [mailto:jlindgren@vbllaw.com]
**Sent:** Monday, June 15, 2015 3:14 PM
**To:** Robert P. Parker; Rich Vasquez
**Cc:** Melissa Smith; 'Collin Maloney'; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; 'Christa Hicks'; Stephen Steinberg; 'Otis Carroll (otiscarroll@icklaw.com)'
**Subject:** Re: Everlight's Planned Motion to Strike--Request for Meet and Confer

Bob:

Thanks for the explanation.

Best,

Jeff

**Jeffrey T. Lindgren**
**Attorney at Law |Vasquez Benisek & Lindgren LLP**
www.vbllaw.com | 3685 Mt Diablo Blvd, Suite 300, Lafayette, CA 94549
Main 925-627-4250 | Cell 925-297-9261 | Fax 925-903-0403

*This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive it for the addressee), you may not use, copy or disclose to anyone the message or any information contained in or attached to the message. If you have received this message in error, please advise the sender by reply email to jlindgren@vbllaw.com and delete the message.*

---

**From:** "Robert P. Parker" <rparker@rothwellfigg.com>
**Date:** Monday, June 15, 2015 at 12:07 PM
**To:** Jeffrey Lindgren <jlindgren@vbllaw.com>, Richard Vasquez <rvasquez@vbllaw.com>
**Cc:** Melissa Smith <melissa@gillamsmithlaw.com>, 'Collin Maloney' <cmaloney@icklaw.com>, Eric Benisek <ebenisek@vbllaw.com>, Padraig O'Connor <poconnor@vbllaw.com>, NichiaEverlight13702 <NichiaEverlight13702@rothwellfigg.com>, 'Christa Hicks' <Christa@gillamsmithlaw.com>, Steve Steinberg <ssteinberg@vbllaw.com>, "'Otis Carroll (otiscarroll@icklaw.com)'" <otiscarroll@icklaw.com>
**Subject:** RE: Everlight's Planned Motion to Strike--Request for Meet and Confer

Jeff,

We have reviewed the points you identified in the e-mail below. As you can see, there were a few errors, caused I think by the changing in numbering from list to list. Your reference to PTX 415 is incorrect—the referenced exhibit on those pages is DTX 415.

> PTX 120 (pg. 48) **(should be 121)**
> PTX 122 (pg. 48) **(should be 123)**
> PTX 415 (pgs. 27, 104, 159, 233, 242) **(the cite is to DTX 415)**
> PTX 420 (pg. 5) **(should be 421)**
> PTX 1266 (pg. 97) **(this is an untranslated version of a document; this exhibit was not on the final list and will be removed)**

We are considering filing an errata, and we are in discussions with Collin and Otis about the proper form/procedure.

Best,

Bob

3

**From:** Jeff Lindgren [mailto:jlindgren@vbllaw.com]
**Sent:** Friday, June 12, 2015 2:10 PM
**To:** Robert P. Parker; Rich Vasquez
**Cc:** Melissa Smith; 'Collin Maloney'; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; 'Christa Hicks'; Stephen Steinberg; 'Otis Carroll (otiscarroll@icklaw.com)'
**Subject:** Re: Everlight's Planned Motion to Strike--Request for Meet and Confer

Bob:

Following up on this thread, we found other instances where non-admitted exhibits are referenced. To the extent they are typos you can make the necessary errata filing. To the extent they are actually references to non-admitted exhibits we would ask that they be removed. The list is below. We list the non-admitted exhibit number and then the pages of the Findings of Fact the citation appears on.

PTX 120 (pg. 48)
PTX 122 (pg. 48)
PTX 415 (pgs. 27, 104, 159, 233, 242)
PTX 420 (pg. 5)
PTX 1266 (pg. 97)

Best,

Jeff

**Jeffrey T. Lindgren**
**Attorney at Law |Vasquez Benisek & Lindgren LLP**
www.vbllaw.com | 3685 Mt Diablo Blvd, Suite 300, Lafayette, CA 94549
Main 925-627-4250 | Cell 925-297-9261 | Fax 925-903-0403

*This message contains information that may be confidential and privileged. Unless you are the intended recipient (or authorized to receive it for the addressee), you may not use, copy or disclose to anyone the message or any information contained in or attached to the message. If you have received this message in error, please advise the sender by reply email to jlindgren@vbllaw.com and delete the message.*

**From:** "Robert P. Parker" <rparker@rothwellfigg.com>
**Date:** Thursday, June 11, 2015 at 12:36 PM
**To:** Richard Vasquez <rvasquez@vbllaw.com>
**Cc:** Melissa Smith <melissa@gillamsmithlaw.com>, 'Collin Maloney' <cmaloney@icklaw.com>, Jeffrey Lindgren <jlindgren@vbllaw.com>, Eric Benisek <ebenisek@vbllaw.com>, Padraig O'Connor <poconnor@vbllaw.com>, NichiaEverlight13702 <NichiaEverlight13702@rothwellfigg.com>, 'Christa Hicks' <Christa@gillamsmithlaw.com>, Steve Steinberg <ssteinberg@vbllaw.com>, "'Otis Carroll (otiscarroll@icklaw.com)'" <otiscarroll@icklaw.com>
**Subject:** RE: Everlight's Planned Motion to Strike--Request for Meet and Confer

Rich – another typo. The reference below should have been to FF-465.

**From:** Robert P. Parker
**Sent:** Thursday, June 11, 2015 1:35 PM
**To:** 'Rich Vasquez'
**Cc:** Melissa Smith; Collin Maloney; Jeff Lindgren; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; Christa Hicks; Stephen Steinberg; Otis Carroll (otiscarroll@icklaw.com)
**Subject:** RE: Everlight's Planned Motion to Strike--Request for Meet and Confer

Rich,

4

Thanks for bringing this to our attention.  As you will note, the citation to PTX 22 and the description of the reference in FF-265 don't match.  In fact, this is a typo and the citation should refer to PTX 11.  We'll prepare an errata and file it tomorrow or Monday.  If you have any other questions along these lines, let us know.

RPP

---

**From:** Rich Vasquez [mailto:rvasquez@vbllaw.com]
**Sent:** Wednesday, June 10, 2015 11:32 PM
**To:** Robert P. Parker
**Cc:** Melissa Smith; Collin Maloney; Jeff Lindgren; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; Christa Hicks; Stephen Steinberg; Otis Carroll (otiscarroll@icklaw.com)
**Subject:** Re: Everlight's Planned Motion to Strike--Request for Meet and Confer

Robert,

One thing we did not discuss is why Nichia cited in admitted exhibit PTX0022. It is cited in Nichia's Facts and Conclusions brief at page 198. It was not an admitted exhibit.

Please confirm whether you also refuse to withdraw that citation.

Regards,

Rich

Sent from my iPhone

On Jun 10, 2015, at 5:58 PM, Robert P. Parker <rparker@rothwellfigg.com> wrote:

> Dear Rich,
>
> Thank you again for the e-mail below and for the discussion yesterday afternoon.  As we said during our discussion, if you believe that a portion of our submission violates a rule, practice, or order, it is your burden to provide support for that position.  As things stand, we do not believe that you have identified any portion of our post-trial submission that's improper, and it's not our burden to justify the contents or structure of our submission in the first instance.  This is particularly true since the materials were submitted to the Court as finder of fact, and the Court is in the best position to determine what is and what is not justified and supported by the record, and to give appropriate weight to the materials we filed.
>
> That said, in the interest of minimizing the need for, or scope of, any motions practice, we respond below to the three objections that Defendants have raised.
>
> 1. We have not identified any basis for your assertion that it was improper for us to cite to or quote from the trial exhibits, each of which was admitted into evidence in its entirety without objection.  As you acknowledged during our call yesterday, the Court certainly has access to these materials and is entitled to consider each of the exhibits in its context and in its entirety.  There is abundant case law that allows juries to see exhibits in their entirety during deliberations, and you have provided no reason for being more restrictive with respect to submissions made to the Court.  If there is no basis for restricting the

Court's consideration of any part of the exhibits, we see no basis for your assertion that we were not permitted to ask the Court to do just that.

As a separate and independent ground to support our position, we tied our quotations from an exhibit to an issue raised at trial – in fact, based on your e-mails and our discussion yesterday, we understand your objection to be *only* that the portions of the exhibits we cited/quoted in our post-hearing submission were not mentioned specifically in the witnesses' testimony. If you intend to challenge our reference to trial exhibits on any ground different from that cited above, please let us know and provide us with particulars, as we do not believe that any other issue has been raised properly in a meet and confer discussion.

2. We understand that you object to our so-called "adulteration" of certain evidence. As we stated yesterday, the term "adulteration" is a charged one; we do not think you have any basis for a charge of adulteration, and we do not believe that it is proper to use that term in these circumstances. We ask again that you be careful with your language before filing documents on the public record that charge opposing counsel with "adulteration" of trial materials.

As we understand the concerns you've raised, they rest on two points regarding the annotation of the materials in the exhibits. We address the two points separately.

First, you object generally to the fact that we annotated the photos that we included in the post-trial submission, even though (i) the photos were taken from the exhibits themselves, and (ii) the annotations were supported by citations to the trial exhibits from which they were taken and to the portions of the trial transcript in which the exhibits were discussed. Thus, based on the information you've provided to us, you are not suggesting that we *changed* the pictures in the exhibits – your objection is that we used highlighting, labels, etc., to identify specific elements *shown in* the pictures. As you acknowledged yesterday, however, you would not object to a written statement identifying the particular elements that we labeled or highlighted – in other words, it would not have been objectionable if we had said, "The black, anvil-shaped component shown in the bottom left of the x-ray image on page X of Exhibit Y is a lead electrode." Your objection is that we showed the actual image with an arrow pointing to the lead electrode and a label identifying it as such. This seems to elevate form over substance; moreover, this is such a common practice when making presentations to a court, we would ask again for specific authority that the practice is out-of-bounds. *See e.g.,* Dkt. No. 60, pp. 3, 8, 13, 19.

Second, it appears you are concerned that, in a few instances, the annotations in our post-hearing submission are different from the annotations in the slides we used at trial. This objection has no basis either. The post-hearing submission was directed to the trial record; there were statements made by witnesses – including Defendants' technical expert, Dr. Bretschneider – that merited illustration in the post-hearing submission. As we could not have prepared slides that anticipated all of the testimony presented at trial, the annotations in our post-hearing submissions were appropriate.

6

> Finally, it bears emphasis and repetition that the annotations were supported by references to trial exhibits and trial testimony. With the information we provided, the Court will be in a position to decide whether the information we provided is correct, and what weight the information we provided should receive.

3. Defendants object to the fact that we incorporated six "demonstratives" into our post-trial submission. You have not disputed that each of the demonstratives is accompanied by a citation to the testimony that contains or refers to the information included in the accompanying demonstrative. Moreover, as you acknowledged during our call yesterday, if we had not used a demonstrative, but rather had prepared a new chart and provided in each individual cell a citation to the record, you would not have objected. This objection thus relates to the form and not the substance of our submission, which hardly seems worth the Court's or the parties' time and resources.

   Moreover, as the Seventh Circuit pointed out in the case you cited, *Baugh v. Cuprum S.A.*, there is certainly support (including Fifth Circuit support) for allowing a jury to review during its deliberations demonstrative materials that summarize evidence, so long as there are appropriate instructions. As the court in *Baugh* reported, "The Fifth Circuit followed *Downen* in *Big John, B.V. v. Indian Head Grain Co.*, 718 F.2d 143, 148–49 (5th Cir. 1983), when it affirmed a verdict reached after the jury was allowed to use a damages chart that had not been admitted into evidence." In a bench trial like this one, the Court will be able to determine whether the "demonstratives" – if in fact they are "demonstratives," given the fact that they reflect actual trial testimony – have support in the record, and give them proper weight based on that assessment. The specific holding of *Baugh*, which concerned the trial court's decision to allow the jury to have access during deliberations to a ladder that was not admitted into evidence, has no bearing on this case.

If our understanding of your objections to our post-trial submissions is incorrect in any particular, or if you intend to raise additional issues, we assume that you will inform us so that we can continue with the meet-and-confer process. If you intend to file a motion as things now stand, please let us know when you intend to file.

RPP

---

**From:** Rich Vasquez [mailto:rvasquez@vbllaw.com]
**Sent:** Tuesday, June 09, 2015 2:59 PM
**To:** Robert P. Parker; Melissa Smith
**Cc:** Collin Maloney; Jeff Lindgren; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; Christa Hicks; Stephen Steinberg
**Subject:** Re: Everlight's Planned Motion to Strike--Request for Meet and Confer
**Importance:** High

Mr. Parker,

The legal basis of Everlight's demand for Nichia to remove immaterial and impertinent evidence, which was not admitted at trial, is set forth in the court's orders and Federal Rule of Civil

7

Procedure 12(f), which governs motions to strike pleadings. In addition, whenever counsel cites to evidence which has not been admitted, the proper remedy is a motion to strike. FRE 103

Here, all of the pages referenced in the excel spreadsheet we sent to you last week contain references to exhibits that were admitted, but the photographs depicted in your pleading does NOT contain the admitted exhibit, rather it contains a MARK-UP of the admitted exhibit. In each instance, the "mark-up" was not done before admission; it was not done by the witness before trial and identified as such; it was not marked up by the witness. As such, the Marked up exhibit is objectionable, and subject to a motion to strike (as it was not raised during trial, when we would have objected), and your Proposed Findings of Fact citations to the adulterated exhibits are each "immaterial and impertinent" since they refer no to evidence or the transcript, and are nothing more than post-closing statement argument of counsel.

Moreover, Nichia also, in the highlighted sections we marked up from your Proposed Findings, tries to substitute for transcript referenced testimony a litany of lawyer argument in relation to matters Dr. Schubert never testified to. Had you wanted to make these points, you could have structured your questions and answers accordingly. You cannot now re-do the trial. These are objected to as non-evidentiary argument.

With regard to the five demonstrative exhibits we cited, none were admitted into evidence at trial, and hence are not evidence be considered by the trier of fact, see Baugh v. Cuprum S.A. 730 F.3d 701. Hence they should not be cited as evidence in Nichia's Proposed Findings of Fact. This was made more than clear by the court at trial: May 13, 2015 P.M.:

*"Now that we*

*have the benefit of the evidence admitted at trial and*

*particularly the transcript that's been generated, I'm*

*going to direct the parties to -- to amend and revise*

*their proposed findings of facts and conclusions of law*

*with particular emphasis on citing **specific portions of***

***the transcript.***

*The more specific your citations, the less*

*work the Court has to do to go through **the transcript***

*and find them. So you will get brownie points with me*

*if you will put **specific references to the transcript** in*

*your revised findings of fact and conclusions of law."*

The parties were specifically directed to cite to the transcript, not attempt to get in demonstrative exhibits not admitted, and to which Everlight would have objected had you so moved during trial. The testimony itself was the only admissible matter, and you were directed to cite to it specifically in support of Nichia's proposed findings.

8

If you will agree to amend your pleading accordingly, Everlight is willing to submit a joint motion to allow Nichia's condensed new filing.

Regards,

RichRichard C. Vasquez
Vasquez Benisek & Lindgren LLP

rvasquez@vbllaw.com
(925) 627-4250 (main)
(925) 297-9499 (cell)
(925) 403-0900 (fax)
3685 Mt. Diablo Blvd. #300
Lafayette, Ca 94549

---

**From:** "Robert P. Parker (rparker@rothwellfigg.com)" <rparker@rothwellfigg.com>
**Date:** Monday, June 8, 2015 at 8:25 AM
**To:** "Melissa Richards Smith (melissa@gillamsmithlaw.com)" <melissa@gillamsmithlaw.com>, Richard Vasquez <rvasquez@vbllaw.com>
**Cc:** Collin Maloney <cmaloney@icklaw.com>, Jeffrey Lindgren <jlindgren@vbllaw.com>, Eric Benisek <ebenisek@vbllaw.com>, Padraig O'Connor <poconnor@vbllaw.com>, NichiaEverlight13702 <NichiaEverlight13702@rothwellfigg.com>, Christa Hicks <Christa@gillamsmithlaw.com>
**Subject:** RE: Everlight's Planned Motion to Strike--Request for Meet and Confer

And Collin as well.  Please circulate a dial-in.

---

**From:** Melissa Smith [mailto:melissa@gillamsmithlaw.com]
**Sent:** Monday, June 08, 2015 11:18 AM
**To:** 'Rich Vasquez'; Robert P. Parker
**Cc:** Collin Maloney; Jeff Lindgren; Eric Benisek; Padraig O'Connor; NichiaEverlight13702; Christa Hicks
**Subject:** RE: Everlight's Planned Motion to Strike--Request for Meet and Confer

Works for me.


*Melissa Smith*

<image001.jpg>

**Principal Office:**
303 S. Washington Ave.
Marshall, Texas  75670
Tel.  903.934.8450
Fax  903.934.9257

**Tyler Office:**
First Place
100 E. Ferguson, Suite 1017
Tyler, Texas  75702

www.gillamsmithlaw.com

**From:** Rich Vasquez [mailto:rvasquez@vbllaw.com]
**Sent:** Sunday, June 07, 2015 11:38 AM
**To:** Robert P. Parker
**Cc:** Collin Maloney; Jeff Lindgren; Eric Benisek; Melissa Smith; Padraig O'Connor; NichiaEverlight13702
**Subject:** Re: Everlight's Planned Motion to Strike--Request for Meet and Confer

Tuesday 4 PM EST works for VBL.

Melissa?

Thanks

Richard C. Vasquez
Vasquez Benisek & Lindgren LLP

rvasquez@vbllaw.com
(925) 627-4250 (main)
(925) 297-9499 (cell)
(925) 403-0900 (fax)
3685 Mt. Diablo Blvd. #300
Lafayette, Ca 94549

---

**From:** "Robert P. Parker (rparker@rothwellfigg.com)" <rparker@rothwellfigg.com>
**Date:** Sunday, June 7, 2015 at 6:46 AM
**To:** Richard Vasquez <rvasquez@vbllaw.com>
**Cc:** Collin Maloney <cmaloney@icklaw.com>, Jeffrey Lindgren <jlindgren@vbllaw.com>, Eric Benisek <ebenisek@vbllaw.com>, "Melissa Richards Smith (melissa@gillamsmithlaw.com)" <melissa@gillamsmithlaw.com>, Padraig O'Connor <poconnor@vbllaw.com>, NichiaEverlight13702 <NichiaEverlight13702@rothwellfigg.com>
**Subject:** Re: Everlight's Planned Motion to Strike--Request for Meet and Confer

Richard,

We can be available either Tuesday morning before 11:00 ET or Tuesday afternoon after 4:00 ET. We will consult with Collin about his availability. Please consult with Melissa about hers.

Please be prepared to identify the specific rules or other legal authority on which Everlight relies. We will not confirm compliance with the meet and confer obligation unless you are willing to identify the principles on which your motion will be based.

Bob

Sent from my iPad

On Jun 5, 2015, at 6:00 PM, Rich Vasquez <rvasquez@vbllaw.com> wrote:

> Dear Robert:
>
> Everlight Electronics objects to Nichia's recent filing Proposed Findings of Fact and
> Conclusions of Law, and plans to file a motion to strike, absent Nichia's agreement to re-file

10

an amended document, which omits the improper matter. In our view it is a blatant attempt to improperly augment the record, with matters not made part of the trial record.

Specifically the objections fall into three types of error:

1. Referring to matter in admitted exhibits which was never mentioned in trial by any question or answer;
2. Adulterating admitted exhibits, which is introducing matter outside the record;
3. Reproducing as a Finding of Fact demonstrative exhibits, which were not admitted into evidence.

Attached are a listing of the problem. In addition we will be sending a mark-up of your Proposed document, highlighting the sections of the report we will be requesting be stricken. Because your document is 400 pages, it will be sent by sending you an FTP link, which will allow you to pull it off of our server.

Can we meet and confer Monday afternoon or Tuesday? We are available each day.

Regards,

Rich


Richard C. Vasquez
Vasquez Benisek & Lindgren LLP

rvasquez@vbllaw.com
(925) 627-4250 (main)
(925) 297-9499 (cell)
(925) 403-0900 (fax)
3685 Mt. Diablo Blvd. #300
Lafayette, Ca 94549

<Nichia.altered.evid.Prop.FFCOLs.xlsx>

11