UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICHIA CORPORATION,<br><br>　　Plaintiff,<br><br>vs.<br><br>EVERLIGHT ELECTRONICS CO., LTD., EVERLIGHT AMERICAS, INC., ZENARO LIGHTING, INC., and ZITROZ LLC,<br><br>　　Defendant. | Case No. 2:13-cv-00702-JRG |

**DEFENDANTS' REPLY TO NICHIA CORPORATION'S OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFF NICHIA CORP.'S POST-TRIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants Everlight Electronics Co., Ltd. and Everlight Americas, Inc. (collectively, "Everlight") submit this Reply to Nichia Corporation's Opposition to Motion to Strike Portions of Plaintiff Nichia Corp.'s Post-Trial Proposed Findings of Fact and Conclusions of Law.

Nichia ignores the sole question presented to the Court in Everlight's Motion: Is all of the material cited in Nichia's post-trial filing in evidence and part of the record or not? Instead, Nichia's Opposition consists of: 1) ad hominem attacks; 2) an inaccurate summary of Everlight's meet and confer efforts to obtain relief without involving the Court; and (3) a sundry recitation of irrelevant case law. None of this provides a basis to admit new evidence after trial is over. In this circumstance, the proper remedy for the Court to cleanse the record is to grant the Motion to Strike the late-tendered evidence under the previously cited Federal Rules of Evidence ("FRE").

**I.    The Federal Rules of Evidence Permit Everlight to Object or Move to Strike, and Permit the Court to Strike, Materials Tendered into Evidence by Nichia.**

Nichia's Opposition wrongly argues that the Court has no authority to grant the Motion, and worse, misrepresents Everlight's stated legal basis for such authority. The Court has authority under FRE 103, as well as its inherent power to control the presentation of evidence under FRE 611. Arguing that the Court cannot strike unadmitted evidence is a peculiar position.

**II.   Nichia Admits It Never Moved to Have Any of the Evidence Everlight Seeks to Strike Admitted at Trial, and Allowing It Now Would Be Prejudicial.**

Everlight seeks to exclude three types of materials not admitted at trial: (1) demonstrative exhibits; (2) post-trial attorney markups of admitted exhibits; and (3) analysis to support Dr. Schubert's conclusory invalidity opinions. Nichia does not contest that it had the chance to try to have all of this admitted into evidence at trial, but chose not to. Nothing barred Nichia from moving to admit some demonstrative exhibits. Nichia chose which of its 1,294 listed exhibits to present and move into evidence, and none of the contested exhibits or markups made the cut. There is no basis to admit them now, so they should not be cited or considered by the Court in

making its decision, which should be based only on evidence submitted and heard at trial.

Nichia argues that it is fair to submit new markups of previously admitted exhibits, but Nichia cannot have it both ways. If the markings merely show matters already in evidence, they are unnecessary. If they are needed to put "spin" on admitted evidence, it is too late. Nichia could have provided more "context" for the evidence at trial. It could have had Dr. Schubert apply the markings on the stand or in advance and describe their meaning, and then moved to have them admitted into evidence. By waiting until now, Nichia deprived Everlight of its due process rights to: (a) object to the evidence;[1] (b) cross-examine Dr. Schubert on it; (c) rebut the evidence with testimony and/or its own demonstrative exhibit; and (d) argue all of this in closing. Allowing never-before-submitted markups into evidence now would make a mockery of the trial, and reward Nichia for sandbagging. In addition to the prejudice described above, Everlight will also be prejudiced before the Federal Circuit (if either side appeals the Court's eventual decision) if there is no clarity as to what is in and out of evidence, and the overall record.

Nichia's cited cases did not involve the situation here. For example, in *Minebea Co., Ltd. v. Papst,* 231 F.R.D. 3 (D. D.C. 2005), the court allowed the plaintiffs to submit demonstratives summarizing parts of their expert's report and the underlying data. However, the court made this ruling before the expert's testimony and noted that if the exhibits did not accurately reflect his report, the defendant could raise it on cross-exam and then move to exclude them. That is exactly the chance Everlight was deprived of in this case. In a majority of the examples cited by Everlight, Nichia submitted altered pictures that differ from what was presented at trial. For the other examples, Nichia never moved to have the annotated pictures admitted.

Nichia's reliance on *Borland v. Marvell Semiconductor, Inc.*, Case No. A-09-CA-364-

---

[1] Contrast the situation in *Big John, B.V. v. Indian Head Grain*, 718 F.2d 143, 149-50 (5th Cir. 1983), cited by Nichia, where the defendant waived its objection to a demonstrative exhibit only by failing to raise it when the plaintiff moved the contested exhibit into evidence at trial.

LY, 2011 WL 10843894 (W.D. Tex. Aug. 8, 2011) is also misplaced. There, the court denied a motion to strike demonstratives attached to the plaintiff's post-trial brief because they were simply admitted exhibits with highlighting and the parties agreed to post-trial briefs in lieu of closing arguments. Neither is true here, where Nichia did far more than highlight exhibits and the parties gave closing arguments during which Nichia did not present any of this new evidence.

Nichia's other cases are similarly unavailing. In *Wacoh Co. v. Analog Devices, Inc.*, Case Nos. 09-10119, 09-10123, 2011 WL 1297088 (E.D. Mich. Apr. 5, 2011), the court noted in passing the defendants' submission of an annotated figure from the patent-in-suit to assist in claim construction. In *K1 Ventures, LLC v. Fry's Elecs., Inc.*, 579 Fed. Appx. 985 (Fed. Cir. 2014), the court accepted the plaintiff's use of annotated pictures in its infringement contentions. Again, these bear no resemblance to the present case, where trial is over and the Court requested citations to testimony and other evidence in the trial record.

### III. Nichia's Improper Post-Trial Proffer of Expert Analysis on Invalidity Is an Effort to Cure Its Mismanagement of the Trial and Is Prejudicial.

Nichia asked for 15 hours per side for trial, Everlight asked for 8 hours (exactly what it used), and the Court gave each side 9 hours. Everlight planned its presentation accordingly, taking its experts through every part of reasoning and evidence supporting their opinions.[2]

Nichia, on the other hand, only elicited Dr. Schubert's reasoning on infringement and spent substantial time on irrelevant issues. When it was time to rebut Everlight's invalidity case, Nichia was short on time and rushed through its exam, such that Dr. Schubert was not asked about and did not identify any bases for his opinions in his testimony. Trial Tr. 80:17-100:21, 5/13/2015 PM. For example, he simply listed the elements of the asserted claims of the '589 patent he concluded were missing from the Nakashima and Kim prior art references. *Id.*, 80:17-

---

[2] Expert opinion testimony must be based on the application of reliable principles and methods and sufficient facts or data. *See* FRE 702.

3

83:6.  Dr. Schubert was not asked to nor did he provide the evidentiary basis for this conclusory testimony.  Yet Nichia's counsel, in its proposed findings of fact, now provides a basis.  Nichia's choice on how to spend its trial time led to the consequent choice to omit asking Dr. Schubert to explain or even list the reasons he concluded the patents were valid and the supporting evidence.

Nichia's attempt to cure the unsupported, conclusory trial testimony of Dr. Schubert on invalidity is prejudicial to Everlight.  When Nichia finished frantically questioning Dr. Schubert on the final day of trial, leaving 12 minutes left for its final expert witness, Everlight had over an hour of time left for cross-examination.  *Id.*, 102:12-21, 121:3-10.  By omitting the analysis and evidentiary basis supporting Dr. Schubert's invalidity opinions, Nichia precluded Everlight from testing his reasoning on cross-examination with the time Everlight saved.  Only after trial did Nichia then proffer its evidentiary basis and analysis in a post-trial filing, at which point Everlight had no opportunity to address them.  If this were the right way to conduct a bench trial, both Nichia and Everlight could have presented their cases in half the time, had their experts testify to bare conclusions on all issues, and then added the evidentiary support in post-trial filings.  Nichia only handled its invalidity case in this manner based on its failure to manage its trial time.  That failure should not serve to prejudice Everlight.

Nichia cites *Official Comm. of Unsecured Creditors v. Baldwin*, Case No. 10cv800, 2013 WL 2158543 (W.D. Pa. May 17, 2013), in which the court denied a motion for new trial arguing that thousands of pages of documents were admitted and sent to the jury without being discussed at trial.  Here, Everlight is not arguing to exclude admitted exhibits or that the Court cannot review the entirety of each one; the issue is whether Nichia's counsel can submit what amounts to new expert testimony never provided by its expert, interpreting those exhibits in the guise of proposed findings of fact and conclusions of law.

4

**IV.     Nichia's Post-Trial "Annotations" of Admitted Exhibits Are Clearly Improper.**

Nichia did not just highlight parts of previously admitted pictures. Rather, Nichia created new evidence by changing annotations on which its expert testified. *See* Motion, pp. 5-9. This is particularly unfair when Nichia's changes are akin to a re-direct examination. For example, in a demonstrative exhibit at trial, Nichia's counsel or Dr. Schubert drew a straight line on the side of a picture of an Everlight LED to try to show it is planar, and he testified on that. *Id.* p. 6; Trial Tr. 62:24-63:9, 5/11/2015 AM. On cross-exam, and then rebuttal, Everlight showed that Dr. Schubert's line was not parallel to the concave part of the side. Trial Tr. 43:8-24, 5/11/2015 PM; Trial Tr. 38:23-39:11, 5/13/2015 AM. After trial, Nichia's counsel replaced Dr. Schubert's unpersuasive straight line with a new dotted line across just a portion of the side. The new picture was submitted without any opportunity to object, cross-examine Dr. Schubert, or rebut the evidence. Nichia has not identified any case allowing this type of new evidence after trial.

**V.      Nichia's Argument That Unadmitted Evidence Can Simply Be Disregarded by the Court Instead of Stricken Should be Rejected.**

The most cynical argument in Nichia's Opposition boils down to "judges are smarter than juries, so ignore the rules of evidence." Nichia asks the Court to simply ignore the unadmitted evidence rather than strike it, suggesting the court of appeals will assume the Court paid such evidence no heed. Following this suggestion would be ill-advised. Everlight is objecting and moving to strike this evidence now, its first and only opportunity to do so, because Nichia waited until post-trial filings to introduce it. If Everlight had not filed its Motion, the objections would be waived under FRE 103, and the Court and Federal Circuit would have undoubtedly noted that fact. Instead, the Court should limit the evidence to what was admitted at trial and consider nothing else in reaching its decision. Nichia cites no legal principle that would be violated by such an appropriate response to Nichia's attempt to sidestep its choice of what to present at trial.

Dated: July 2, 2015                    Respectfully submitted,

/s/ Richard C. Vasquez
Richard C. Vasquez
CA State Bar No. 127228
Jeffrey T. Lindgren
CA State Bar No. 176400
Eric W. Benisek
CA State Bar No. 209520
Robert S. McArthur
CA State Bar No. 204604
Stephen C. Steinberg
CA State Bar No. 230656
**VASQUEZ BENISEK & LINDGREN LLP**
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA 94549
925-627-4250-Phone
925-403-0900-Fax
Email: rvasquez@vbllaw.com
         jlindgren@vbllaw.com
         ebenisek@vbllaw.com
         mcarthur@vbllaw.com
         ssteinberg@vbllaw.com

Melissa R. Smith
Texas Bar No. 24001351
GILLIAM & SMITH, LLP
303 S. Washington Avenue
Marshall, TX 75670
903-934-8450 – Phone
903-934-9257 – Fax
Email: melissa@gilliamsmithlaw.com

Attorneys for Defendants Everlight Electronics Co., Ltd., and Everlight Americas, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served on July 2, 2015 with a copy of this document through the Court's e-filing system.

/s/ Richard C. Vasquez
Richard C. Vasquez