**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NICHIA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EVERLIGHT ELECTRONICS CO., LTD.,<br>EVERLIGHT AMERICAS, INC., ZENARO<br>LIGHTING, INC. and ZITROZ LLC,<br><br>　　　　Defendants. | Case No. 02:13-cv-702-JRG |

**NICHIA CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION
TO SEAL TRIAL TESTIMONY AND TRIAL EXHIBITS (DKT. NO. 180)**

**INTRODUCTION**

Defendants oppose Nichia's motion to seal select portions of the trial transcript, and to extend the protective order in this case to Nichia license agreements entered into evidence at trial.[1] According to Defendants, "Nichia has waived the right and failed to show good cause." Opp. at 1. Nonsense. Nichia did not waive its rights, because the parties agreed at trial and on the record that there would be no such waiver – a point Nichia highlighted in its motion but Defendants ignore. As to good cause, Nichia has demonstrated that the material it seeks to keep under seal is commercial information that courts routinely deem sensitive and confidential, unless integral to the parties' dispute. Again, Nichia highlighted these decisions in its motion, but Defendants disregard them. Nichia's motion should be granted.

**DISCUSSION**

Nichia has asked the Court to seal (1) select portions of Mr. Kenji Matsumoto's trial testimony regarding the contents of Nichia's license agreements with third parties, as well as the Nichia license agreements with third parties that were entered into evidence at trial, and (2) the testimony of Mr. Todd Lynema concerning a current Nichia customer and project. Defendants oppose on all points.

**1. Nichia Did Not Waive the Right to Seal Portions of the Record**

Nichia's motion to seal select portions of the record is consistent with the parties' agreement at trial as to how they would handle confidential information. On the afternoon of the first day of trial, Nichia informed the Court of its agreement with Defendants that

> the parties will not object to the use or publication of confidential material or the cross-examination of witnesses regarding confidential material in the courtroom . . . [and that] the orderly proceeding that we have agreed to is without prejudice to our right later to say we would like these exhibits to be treated as

---

[1] *See* Defendants' Opposition to Nichia Corporation's Motion to Seal Trial Testimony and Trial Exhibits (Dkt. No. 182) ("Opp.").

1

> confidential, or down the road, in an appropriate way, we ask that portions of the transcript be held in confidence and sealed so that the paper doesn't get out and around the world.

Trial Tr. 49:13-50:9, May 11, 2015, p.m. The Court acknowledged the agreement as a way to "speed the process through the trial," and instructed that the parties would have a limited amount of time post-trial to raise those arguments, as Nichia has done here. *Id.* at 50:10-51:19. Counsel for Defendants confirmed that the agreement had been "recited [] correctly." *Id.* at 51:23-52:3.

Defendants' opposition, though, rests in large part on the idea that Nichia somehow "waived" the right to seek to have select portions of the record sealed. Defendants do not address the parties' agreement that there would be no waiver. Mot. at 3. Defendants' arguments concerning an alleged waiver are contrary to the parties' agreement and are without merit.

**2. Defendants Misread the Case Law on Which They Rely**

The remainder of Defendants' opposition rests on distinguishable case law. Defendants rely largely on *Bianco v. Globus Med., Inc.*, Case No. 12-cv-00147, 2014 WL 3422000 (E.D. Tex. July 14, 2014) and *Kroy IP Holdings, LLC. v. Safeway, Inc.*, Case No. 12-cv-00800, 2015 WL 432012 (E.D. Tex. Jan. 30, 2015). Both cases are inapposite.

*Bianco* concerned a request to seal "nearly 100 portions of the transcript," with only a "barebones explanation for why [the parties] believe[d] sealing [wa]s necessary." *Bianco*, 2014 WL 3422000, at *2. The Court likewise noted that (unlike this case) the parties made no effort to seal the courtroom or to "alert the Court at the time of trial that they objected to public disclosure of certain portions of the trial testimony." *Id.* at *3. Most importantly, the Court noted that "the substance of much of the information they seek to protect had already been disclosed," and contained information that was "generally known," such as royalty rates that were "standard in

the industry." *Id.* at *4-*5. Nonetheless, the Court on its own accord found support for the motion, and ordered that portions of the transcript be sealed. *Id.* at *2-*3.

*Kroy* mirrors *Bianco*. As in *Bianco*, the request to seal in *Kroy* was done "without elaboration." 2015 WL 432012, at *1. And again, as in *Bianco*, the Court found the request to seal lacking given the fact that the parties had disclosed the information in open court. *Id.* at *1, *3. The Court denied the motion to seal, but nonetheless gave the movant an opportunity to refile the motion with additional support. *Id.* at *4.

*Bianco* and *Kroy* therefore stand for the unremarkable proposition that requests to seal broad swaths of the record without prior notice, without supporting arguments, and following free disclosure at trial will face an uphill battle.[2] Nichia's motion suffers from none of these defects. *First,* as described above and in the opening motion, Nichia addressed this issue on the trial record, *and Defendants agreed* that any testimony given in court would be "without prejudice to our right later to say we would like these exhibits to be treated as confidential." Trial Tr. 49:25-50:5, May 11, 2015, p.m. *Second,* Nichia has requested minimal, targeted protection from disclosure. Nichia seeks to seal only (1) license and settlement agreements with third-parties, Mot. at 5; (2) 26 *lines* from Mr. Matsumoto's testimony, Ex. B to Mot.; and (3) *7 words* from Mr. Lynema's testimony, Ex. D to Mot. *Third,* Nichia's motion is not "without elaboration"; it includes factual and legal support, including declarations explaining the need for the tailored request. In sum, and as explained in Nichia's motion, the facts and the law support Nichia's request to seal select portions of the record.[3]

---

[2] Even then, the Court in *Bianco* still sealed certain portions of the record, and the Court in *Kroy* gave the movant a second bite at the apple.

[3] Defendants try to shoehorn arguments on the merits into their opposition. Opp. at 3. It suffices to say that Defendants' attempt to distinguish *Broadcom v. Emulex Corp.*, 732 F.3d 1325 (Fed. Cir. 2013), is both misplaced and incorrect. Nichia did not introduce the testimony

### 3. The Matsumoto Testimony and the License Agreements Should Be Sealed

The third-party agreements at issue here are confidential and have been treated as such in this litigation. *See* Matsumoto Dec., Ex. A., at p. 2. The minimal testimony from Mr. Matsumoto that Nichia seeks to seal concerns the confidential contents of these agreements. Mr. Matsumoto explained that the disclosure of these agreements, and his testimony, could cause Nichia commercial harm if the contents of Nichia's licenses were to become public. *Id.* This is the type of "business information that might harm a litigant's competitive standing" and thus warrants sealing a court's record. *Bianco*, 2014 WL 3422000, at *1 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Defendants ignore both the outcomes of the cases on which they rely, and the authority Nichia cited in its motion, such as *Vista India, Inc. v. Raaga, LLC*, No. 07-cv-1262, 2008 WL 834399, at *2 (D.N.J. Mar. 27, 2008). Defendants point out that some of the agreements are 13 years old, but so what? That does not mean the material terms of the agreements have been made public – they have not – or that release of the information would not cause Nichia harm – it would.

Perhaps most importantly, Defendants do not contest that *any* of the information Nichia seeks to seal is central to the merits of this case. The issue Defendants raise concerns the *fact of* the license agreements, and the reasons Nichia entered into them – not the agreements' *contents*. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013), cited by Defendants, is instructive. Reversing the district court's refusal to seal portions of the transcript, the Court

---

regarding the license agreements to demonstrate that it was entitled to an injunction; Nichia introduced the materials in response to Defendants' unsubstantiated position, previewed in their pretrial submissions, that they would rely on the license agreements to argue that Nichia was precluded from getting an injunction. In any event, the Federal Circuit in *Broadcom* affirmed the district court's award of a permanent injunction because "Broadcom had never licensed the '150 patent individually; and Broadcom only licensed the '150 patent where some pressing reason to do so existed, such as avoiding litigation by completing a cross-licensing deal." 732 F.3d at 1336.

4

explained that protecting the public's interest in judicial proceedings "does not extend to mere curiosity about the parties' confidential information where that information is not central to a decision on the merits." *Id.* at 1228. Because the contents of the license agreements are not central to the merits of the Court's decision, the balance weighs in favor of protecting Nichia's legitimate business concerns.

### 4. The Lynema Testimony

Nichia also seeks to keep confidential information that would disclose a project in which Nichia is currently engaged through the redaction of *7 words* from Mr. Lynema's testimony. Defendants oppose, relying again on the theory that Nichia has "waived" its right to do so. This position, as explained above, ignores the parties' agreement at trial. Defendants also assert that, contrary to Mr. Lynema's sworn statement in his declaration, this information is not commercially important or sensitive. Opp. at 5-6. As other courts have recognized, the balance favors sealing this small amount of non-crucial information. *See* Mot. at 13; *TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, No. 09-cv-1531, 2011 WL 4947343, at *23 (D. Ariz. Oct. 18, 2011)( "solely redacting [Nichia's] customer names from the [transcript] only withholds a comparatively small amount of information from the public.").

## CONCLUSION

For the foregoing reasons, Nichia respectfully requests that the Court grant Nichia's motion and seal the limited number of documents and transcript citations.

DATED: July 6, 2015                                             Respectfully Submitted,


                                                BY: *Collin Maloney*
                                                Otis W. Carroll
                                                Texas Bar No. 03895700
                                                Collin M. Maloney
                                                Texas Bar No. 00794219

        Mandy Carroll Nelson
Texas Bar No. 24055270
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: nancy@icklaw.com
Email: cmaloney@icklaw.com
Email: mnelson@icklaw.com

By:  *Robert P. Parker*
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
Robert P. Parker
Martin Zoltick
Michael Jones
Chen Li
607 14th Street, N.W. ó Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031
Email: rparker@rfem.com
Email: mzoltick@rfem.com
Email: mjones@rfem.com
Email: cli@rfem.com

*Attorneys for Plaintiff Nichia Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and served via email upon counsel of record.

        By:  /s/  Collin M. Maloney
           Collin M. Maloney