**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NICHIA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERLIGHT ELECTRONICS CO., LTD., EVERLIGHT AMERICAS, INC., ZENARO LIGHTING, INC. and ZITROZ LLC,<br><br>    Defendants. | Case No. 02:13-cv-702-JRG |

### PLAINTIFF NICHIA CORPORATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF NICHIA'S POST-TRIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (DKT NO. 181)

Plaintiff Nichia Corporation ("Nichia") respectfully submits this sur-reply in further opposition to Defendants' motion to strike portions of Nichia's post-trial proposed findings of fact and conclusions of law ("PFFs") (Dkt. No. 181).

1. Originally, Defendants based their motion on Rule 12 of the Federal Rules of Civil Procedure. Mot. at 3 (citing Rule 12(f)). They now appear to rely on Federal Rule of Evidence 611. Reply (Dkt. No. 187) at 1. Under Rule 611, the Court has the authority to exercise "reasonable control" over the manner in which evidence is presented, particularly in a bench trial. This is the standard Nichia advocated in its opposition. Opp. (Dkt. No. 184) at 4-5.

1

2. As Nichia also pointed out, the material in Nichia's PFFs that Defendants call "new evidence" is drawn directly from the trial record. Defendants have not identified a single instance in which Nichia's PFFs refer to material that was not in the trial record.[1]

3. Defendants seem to have narrowed the focus of their objection to Nichia's annotations. Initially, Defendants objected to all of the annotations or markings. Mot. at 5 (referring to "at least 70" images that "have been altered"); Vasquez Dec., Exhibit A. Now, Defendants focus on the annotations that differ from the PowerPoint slides used at trial. Reply at 5 ("Rather, Nichia created new evidence by changing annotations on which its expert testified"). If this reflects a change in Defendants' position, it significantly narrows the scope of Defendants' motion. It also highlights the problem with Defendants' position. Defendants point out that the annotations are not evidence. Reply at 1 (stating that the "markups of admitted exhibits" were not themselves admitted into evidence). At the same time, they accuse Nichia of "creat[ing] new evidence." Reply at 5. But how can that be, if the annotations are not evidence at all? As Nichia explained in its opposition, the annotations were properly offered to illustrate the trial evidence that is cited with each of the annotated images. Opp. at 9-10.

To the extent Defendants are concerned that Nichia changed certain annotations between trial and the submission of the PFFs, those changes reflect the trial testimony. The example Defendants provide regarding the images of a "step" (Reply at 5) illustrates the point. An issue in dispute at trial with respect to some of the accused devices was whether an outer surface of the resin part and an outer surface of the at least one lead are "planar" at an outer surface of the resin package. As part of its infringement case, Nichia offered testimony from its expert, Dr.

---

[1] This statement applies as well to the so-called "demonstratives" to which Defendants have raised a special objection. Like the other parts of Nichia's PFFs, the demonstratives appropriately reflect or summarize the referenced trial evidence. Opp. at 5-8.

2

Schubert, pointing out that this claim limitation was met. *See, e.g.*, Trial Tr., 62:8-63:9, May 11, 2015, a.m. (Schubert). Defendants' assertion that it was deprived of the opportunity to cross-examine Dr. Schubert on this issue, or to provide rebuttal evidence (Reply at 5), is untrue:

> Q. (By Mr. Lindgren [Defendants' counsel]) All right. And, Professor Schubert, I'd like, again, to have you turn your attention this time to the photo on the lower right corner, the one with the red line annotation.
> A. Yes.
> Q. Okay. Is it your opinion that the curvature in the lead surface, which is -- which visibly deviates from your red line annotation is planar with the resin part of the package on that side?
> A. No. *This is a step* that is also disclosed in the '250 patent.

Trial Tr., 43:10-20, May 11, 2015, p.m. (Defendants' cross-examination of Dr. Schubert) (emphasis added).[2] The annotations in the PFFs are based on, and properly reflect, this exchange: they show the "step" identified by Dr. Schubert during Defendants' cross-examination, with the annotation adjusted accordingly – *i.e.,* the curved portion in the image shows the "step," and the remainder of the surface is "planar." *See* Nichia's PFFs ¶¶ FF-104 – FF-106, citing Trial Tr., 43:10-20, May 11, 2015, p.m. (Schubert). This is not "new evidence."

    4. In their motion, Defendants sought to strike a large number of Nichia PFFs that quote directly from documents admitted into evidence. Mot. at 9-11, Vasquez Dec., Exhibits B, C, D (highlighting, for the most part, Nichia's quotations from trial exhibits). Defendants concede that these exhibits may be considered in their entirety. Reply at 4 ("Here, Everlight is not arguing to exclude admitted exhibits or that the Court cannot review the entirety of each one[.]") This raises the question: if the Court may review the exhibits, why should Nichia's references to

---

[2] Defendants also presented evidence on this issue through the rebuttal testimony of their expert, Dr. Bretschneider, when he testified regarding the indentation that Dr. Schubert had identified as a step. Trial Tr., 37:11-40:13, 132:14-134:2, May 13, 2015, a.m. (Bretschneider).

3

them in the PFFs be stricken? Defendants do not say, but their agreement that it is proper to consider the exhibits in their entirety undermines nearly all of their objections to Nichia's PFFs.

5. Based on Defendants' reply, the crux of their motion now is that Nichia somehow deprived them of the opportunity to cross-examine Nichia's expert, Dr. Schubert. Reply at 2-4. Defendants point to Dr. Schubert's testimony rebutting Defendants' challenge to the validity of the '589 patent-in-suit, and they claim that the PFFs contain material not addressed at trial. *Id.* at 3-4, citing Trial Tr., 80:17-83:6, p.m. (Schubert). In the testimony Defendants cite, Dr. Schubert identified the elements of the asserted claims missing from each of the prior art references, individually and collectively. In subsequent testimony, Dr. Schubert addressed "whether a person of ordinary skill in the art would have considered combining [the two references] to derive the elements of Claims 1 and 2 of the '589 patent[.]" Trial Tr., 83:8-84:14, May 13, 2015, p.m. If Defendants had wanted to cross-examine Dr. Schubert on *any* of these opinions, they had an opportunity to do so. *See* Reply at 4 (Defendants had an hour of trial time remaining when Dr. Schubert finished his rebuttal testimony). There was nothing improper in Nichia's submission of PFFs based on the *entire* trial record, including Dr. Schubert's testimony and the documents admitted into evidence, to explain why Defendants did not meet their burden of proof that the asserted claims of the '589 patent (or of any other patent-in-suit) are invalid.[3]

---

[3] Moreover, Defendants' argument has a certain *Alice in Wonderland* quality to it. Defendants say, "Dr. Schubert never identified any specific portions of [the prior art references] that allegedly *support his conclusions about missing claim limitations or the lack of a motivation to combine*." Mot. at 10 (emphasis added); *see also* Reply at 3-4 (same). Defendants do not explain how Dr. Schubert could have provided a more elaborate discussion of his opinion that the prior art references do *not* disclose or suggest elements found in the asserted claims. As noted in the body of the text, if Defendants had any basis to challenge Dr. Schubert's opinions on these points – for example, by seeking elaboration of his opinions or pointing out where he was wrong – they certainly could have done so during cross-examination or in their own PFFs.

6. In the end, Defendants' motion rests on the fact that the parties took different approaches in their post-trial submissions, just as they did in their pre-trial submissions. Nichia filed a detailed description of the trial evidence, while Defendants filed a more cursory and conclusory set of proposed findings. *Compare, e.g.,* Nichia's PFFs, ¶¶ FF-284 - FF-335 and ¶¶ CL-121 – CL-130 (addressing the trial evidence on the validity of the asserted claims of the '589 patent), *with* Defendants' PFFs, ¶¶ 256-310 and ¶¶ 475-477 (same). Defendants were entitled to adopt this strategy, even on the invalidity issues as to which they have the burden of proof. Likewise, Nichia was entitled to highlight aspects of the prior art references, and to point out those instances in which the testimony of Defendants' witnesses was unsupported, incorrect, and/or incomplete. *See e.g.* Nichia's PFFs at ¶ FF-296 (Defendants' expert did not explain how or why a person of ordinary skill would have combined the asserted prior art references); ¶¶ FF-310 – FF-311 (noting an error in the testimony of Defendants' expert with respect to the text of a prior art reference); ¶ FF-312 (noting a separate error in Defendants' expert's testimony based on a Figure in the prior art reference); ¶¶ FF-330 – FF-355 (canvassing the evidence, including the prior art references, to show that Defendants did not meet their burden of proof that the asserted claims would have been obvious).[4] The fact that Defendants do not like Nichia's proposed findings, and crafted theirs differently, does not mean that Nichia's submission is improper.

For the reasons explained in Nichia's opposition to Defendants' motion and further explained above, Defendants' motion should be denied.

---

[4] Defendants have the burden of proof on invalidity, including the burden to show where in the prior art the claim elements are found, and why a person of ordinary skill in the art would have combined references to derive the asserted claims of the patents-in-suit. A procedural challenge to proposed findings that the claim elements are *not* in the prior art, and that a person of ordinary skill would *not* have combined prior art references, is not a sound basis for meeting this burden. In this case, Defendants' objections to Nichia's detailed PFFs further highlight the fact that they have not presented sufficient evidence to meet their heavy burden.

DATED:  July 10, 2015                         Respectfully Submitted,

                                           Otis W. Carroll
Texas Bar No. 04893700
Collin M. Maloney
Texas Bar No. 00794219
Mandy Carroll Nelson
Texas Bar No. 24055270
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: nancy@icklaw.com
Email: cmaloney@icklaw.com
Email: mnelson@icklaw.com

BY:  /s/ *Robert P. Parker*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
Robert P. Parker
Martin Zoltick
Michael Jones
Chen Li
607 14th Street, N.W. – Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031
Email: rparker@rfem.com
Email: mzoltick@rfem.com
Email: mjones@rfem.com
Email: cli@rfem.com
*Attorneys for Plaintiff Nichia Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2015, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and served via email upon counsel of record.

By: /s/ *Robert P. Parker*
      Robert P. Parker